(August 4, 1923.)

JOHN WEISGERBER, Special Administrator of the Estate
of HARRY G. PRESCHER, Deceased, Respondent, v.
PEARL R. PRESCHER, Appellant.

[217 Pac. 615.]

ANNULMENT OF MARRIAGE — DECREE — DEATH OF PARTY — SURVIVAL OF
ACTION—MOTION TO SET ASIDE DEFAULT JUDGMENT.

1. An action for annulment of marriage, not expressly involving
any issues as to property, is extinguished by the death of one of
the parties.

2. Such an action cannot be revived by the surviving party for
the purpose of having a default judgment set aside.

APPEAL from the District Court of the Eighth Judicial
District, for Bonner County. Hon. John M. Flynn, Judge.

Action for annulment of marriage. Appeal from order
denying motion to set aside default judgment. *Affirmed.*

Myrvin Davis, for Appellant.

The tendency of the law being to uphold rather than to
tear down the security of the marital relation should be con-
sidered as a governing factor in the decision to set aside the
default and vacate the decree.    (C. S., sec. 4599; *Huff v.
Huff,* 20 Ida. 450, 118 Pac. 1080; *Hilton v. Stewart,* 15 Ida.
150, 128 Am. St. 48, 96 Pac. 579; *State ex rel. Cotter v.
District Court,* 49 Mont. 146, 140 Pac. 732; *Dudley v.
Dudley,* 151 Iowa, 142, 130 N. W. 785, 32 L. R. A., N. S.,
1170; 9 R. C. L. 502–508; 5 R. C. L. 1003 et seq.; *Common-
wealth v. Lane,* 113 Mass. 458, 18 Am. Rep. 509; *Van Voor-
his v. Brintnall,* 86 N. Y. 18, 40 Am. Rep. 505; *State v.
Shattuck,* 69 Vt. 403, 60 Am. St. 936, 38 Atl. 81, 40 L. R. A.
428; *In re Chace,* 26 R. I. 351, 3 Ann. Cas. 1050, 58 Atl. 978;
Code of Montana, secs. 3607–3609.)

Herman H. Taylor, for Respondent.

An action for divorce or annulment, silent as to property
and in which no issue is raised as to property rights, does

not affect the status of the property and does not survive the death of a party. (*Kirschner v. Dietrich,* 110 Cal. 502, 42 Pac. 1064; *Nickerson v. Nickerson,* 34 Or. 1, 48 Pac. 423, 54 Pac. 277; *Zoellner v. Zoellner,* 46 Mich. 511; 9 N. W. 831; *Begbie v. Begbie,* 128 Cal. 154, 60 Pac. 667, 49 L. R. A. 141; *Hite v. Mercantile Trust Co.,* 156 Cal. 765, 106 Pac. 102; *Coats v. Coats,* 160 Cal. 671, 118 Pac. 441, 36 L. R. A.. N. S., 844; *Lima v. Lima,* 26 Cal. App. 1, 147 Pac. 233; *Brown v. Brown,* 170 Cal. 1, 147 Pac. 1168; *Gloyd v. Sup. Court,* 44 Cal. App. 39, 185 Pac. 995; *Dwyer v. Nolan,* 40 Wash. 459, 111 Am. St. 919, 5 Ann. Cas. 890, 82 Pac. 746, 1 L. R. A., N. S., 551.)

McCARTHY, J.—On August 9, 1915, the appellant, then known as Pearl R. Lancaster, secured a divorce from Wilber E. Lancaster in the district court for Bonner county, Idaho. November 15, 1915, she married one H. G. Prescher at Thompson Falls, Montana. February 2, 1921, Prescher began an action in the district court for Bonner county, Idaho, for an annulment of the marriage claiming that it was null and void because performed within six months after she obtained her divorce. Appellant not appearing in that action a default was entered and also a decree annulling the marriage. October 29, 1921, Harry G. Prescher died. November 11, 1921, appellant filed a motion and affidavit of merits asking that her default be set aside, the decree be vacated and she be allowed to interpose an answer. The ground of her motion was that the default judgment was taken against her through inadvertence and excusable neglect, she claiming that she was induced not to answer by representations, statements and conduct of Prescher tending to show that he did not intend to further prosecute the action. The district court on her motion ordered John Weisgerber, administrator of Prescher's estate substituted as plaintiff in the action. It also denied her motion, basing its action upon the ground that the showing of excusable neglect is not sufficient to justify the court in setting aside the decree. Whether that ground is sound or not it is elementary that the order should be sustained if there is any ground for doing so.

The action was an out-and-out action for annulment with nothing said about property rights. Property rights are not mentioned in the findings nor decree. The only relief granted is the annulment of the marriage. A simple action for divorce is extinguished by the death of one of the parties. (*Kirschner v. Dietrich*, 110 Cal. 502, 42 Pac. 1064; *Begbie v. Begbie*, 128 Cal. 154, 60 Pac. 667; *Hite v. Mercantile Trust Co.*, 156 Cal. 765, 106 Pac. 102; *Dwyer v. Nolan*, 40 Wash. 459, 11 Am. St. 919, 5 Ann. Cas. 890, 82 Pac. 746, 1 L. R. A., N. S., 551; *Zoellner v. Zoellner*, 46 Mich. 911, 9 N. W. 831.) On the other hand, if the issues in the action expressly involve property rights the action is not extinguished by death so far as that issue is concerned, but survives. (*Lima v. Lima*, 26 Cal. App. 1, 147 Pac. 237; *Nickerson v. Nickerson*, 34 Or. 1, 48 Pac. 423, 54 Pac. 277.) The same rules apply to an action for annulment. In the present case the action was a simple one for annulment, property rights not being in issue. The decree of the district court acted on the marriage status but was silent as to property rights. Then followed the death of the plaintiff in the original action. It is impossible to hold that the action survived so that appellant could have the administrator substituted as plaintiff, have the default set aside, and interpose a defense.

It was suggested on the argument although it is not shown in the record, that property rights are involved in the controversy because the deceased had an insurance policy. If this be true it could not possibly be a ground for reviving the original action. Whether or not appellant has an independent remedy to set aside the judgment and establish her rights to any property involved, we do not decide in this case because those questions are not properly before us.

The judgment is affirmed, with costs to respondent.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.