On motion for substitution or addition of party plaintiff filed November 18, 1954, denied January 12, on appellant's motion to vacate decree filed February 16, decree reversed with directions to dismiss March 9, 1955

DIBBLE, Special Administrator v. MEYER

278 P. 2d 901
280 P. 2d 765

*Maguire, Shields, Morrison & Bailey,* and *Randall B. Kester,* of Portland, for the motion.

*Hess & Hess,* of Portland, contra.

TOOZE, J.

This matter is now before us upon the motion of Walter E. Meyer for leave to be substituted as party plaintiff herein in lieu of Arthur M. Dibble, now deceased, or in the alternative that he be added as a party plaintiff.

This suit was commenced on March 26, 1953, by Arthur M. Dibble, as guardian of the person and estate of Louis E. Meyer, an incompetent person, under order of the probate court, for the purpose of annulling the marriage of said Louis E. Meyer and Florence Polen, which occurred on September 10, 1952. The complaint attacks the marriage on the ground "that said Louis E. Meyer was then, and had ever since been, incapable of making and entering into a valid contract of marriage or of assenting thereto for want of sufficient understanding." On April 13, 1953, said Louis E. Meyer died, and on the same day said Florence Polen Meyer initiated probate of and was appointed executrix under an alleged will dated October 25, 1952, which will purported to leave substantially the entire estate of said Louis E. Meyer to said Florence Polen Meyer. Said Louis E. Meyer had previously executed a will naming

as his sole beneficiaries a nephew, the said Walter E. Meyer; a niece, June Hemelgarn; a brother-in-law, John Opperman; and one Willis Blakely. This will was executed on October 5, 1951. Said Louis E. Meyer did not leave surviving him any lineal descendants, and the said Walter E. Meyer and June Hemelgarn are among the closest living relatives of said decedent.

The said will dated October 25, 1952, in favor of Florence Polen Meyer is being contested on grounds of incompetence and undue influence in two separate proceedings now pending in the circuit court of Multnomah county.

On April 24, 1953, there was filed in the probate department of the circuit court for Multnomah county a petition to remove the said Florence Polen Meyer as executrix of the estate, and for the appointment of an administrator with the will annexed, so that such administrator could proceed with the annulment suit. On May 29, 1953, said petition to remove the executrix was denied, but at the same time and as a part of the same order, the circuit court appointed Arthur M. Dibble as a special administrator of the estate of said decedent, for the express purpose of reviving and continuing said annulment suit. Pursuant thereto said special administrator had himself substituted as a party plaintiff in the suit. An amended complaint was filed in said annulment suit, defendant's demurrer thereto was overruled, and thereafter the cause proceeded to trial. On April 8, 1954, the court of domestic relations in Multnomah county handed down an opinion holding that said marriage was void and should be annulled, and on June 15, 1954, the annulment decree was entered from which the defendant, Florence Polen Meyer, has appealed to this court. The decree acted on

the marriage status only; it was wholly silent as to property rights.

On April 9, 1954, the said Walter E. Meyer filed a petition in the matter of said decedent's estate in the probate department of the circuit court for Multnomah county, again requesting that said executrix be removed; and on April 12, 1954, he filed a motion in the annulment suit requesting that he be substituted as party plaintiff herein. Both the petition and the motion were denied, from which orders said Walter E. Meyer appealed to this court.

It also appears that on August 16, 1954, after this court had acquired jurisdiction of the appeal in the annulment suit, said Arthur M. Dibble died. No substitution of parties in lieu of said Arthur M. Dibble, deceased, has been made.

■■ The foregoing statement of facts is taken from the motion filed by Walter E. Meyer in this court, and from other records and files in the court. The defendant, Florence Polen Meyer, in her briefs filed in connection with this motion does not question the foregoing record. The motion for substitution or addition of party plaintiff now before us is denied for two reasons: first, the circuit court for Multnomah county had no jurisdiction to appoint Arthur M. Dibble as special administrator to continue the litigation in the annulment suit, and such appointment was null and void. The said Dibble had no legal capacity to prosecute such suit. There can be no substitution of "a special administrator" as plaintiff. The appointment of special administrators is governed by statute. Under ORS 115.330, such appointments are authorized *only* "when for any reason there is a delay in issuing letters testamentary or of administration, and the property of the deceased is in danger of being lost, injured or depreci-

ated * * *''. In re *Workman's Estate,* 156 Or 333, 348, 65 P2d 479. Second, the death of Louis E. Meyer occurred on April 13, 1953, shortly after the complaint for annulment had been filed by his duly appointed guardian and before any issues were made up in said case, and, of course, prior to the purported decree. The effect of the death of said Louis E. Meyer was to abate the annulment proceedings. They could not be revived. ORS 106.020 provides:

> ''The following marriages are prohibited; and, if solemnized within this state, are absolutely void:
>
> ''(1) When either party thereto had a wife or husband living at the time of such marriage.
>
> ''(2) When the parties thereto are first cousins or any nearer of kin to each other, whether of the whole or half blood, computing by the rules of the civil law.''

ORS 107.010 provides:

> ''*A marriage may be declared void from the beginning, at the suit of either party,* for any of the causes specified in ORS 106.020; and, whether so declared or not, shall be deemed and held to be void in any action, suit or proceeding in which it may come into question. A marriage once declared valid by the decree of a court having jurisdiction thereof, in a suit for that purpose, cannot afterwards be questioned for the same cause directly or otherwise.'' (Italics ours.)

At most, the marriage was voidable.

ORS 106.030 provides:

> ''When either party to a marriage is incapable of making such contract or consenting thereto for want of legal age or sufficient understanding, or when the consent of either party is obtained by force or fraud, *such marriage shall be void from the time it is so declared by decree of a court having jurisdiction thereof.*'' (Italics ours.)

ORS 107.020 provides:

> "A marriage shall not be declared void for any of the causes specified in ORS 106.030 *except at the suit or claim of the party laboring under the disability* or upon whom the force or fraud was imposed or practiced. The suit or claim of such party shall fail if it appears that the parties freely cohabitated together as husband and wife after the suing or claiming party has arrived at legal age, acquired sufficient understanding, was restored to reason, was freed from the force or discovered the fraud, as the case may be." (Italics ours.)

■ It is obvious from a mere reading of the statute that a suit to annul a voidable marriage can only be brought and prosecuted by the party laboring under the disability. The other party is given no such right. It is different as to void marriages. In those cases either party may institute the suit for annulment. It may be conceded, though we do not now decide, that such a suit might be maintained by a party, acting through his guardian, as was done in this case. However, until a decree is entered in such suit in favor of the plaintiff, the marriage is valid for all purposes and carries with it all the incidents of a valid marriage. In this state, under the statutes, there is little, if any, substantial difference between suits for annulment of voidable marriages and suits for divorce. Void marriages are invalid from the beginning and may even be attacked collaterally. That is not true of voidable marriages. The additional relief as to support money, custody of children, property rights, etc., which the court is authorized to grant as a part of its decree of annulment of a voidable marriage and for divorce is the same. ORS 107.100. In effect, and as a practical matter, no distinction whatever is made between postnuptial and antenuptial grounds for the termination of the marriage

relation. In both cases the marriage relation is terminated by the decree, and the parties are prohibited from remarrying third persons until the expiration of six months thereafter. ORS 107.110. In considering the problem before us, we must recognize the distinction between void and voidable marriages, a distinction so well demonstrated in the statutes themselves.

In the instant case the alleged voidable marriage was terminated by the death of the plaintiff, Louis E. Meyer, long prior to the time when a purported decree annulling the marriage was entered. The cause of suit did not survive his death; no more so than it would have had this been a suit for divorce based upon post-nuptial grounds. *Weisgerber v. Prescher,* 37 Idaho 653, 217 P 615; *White v. Williams,* 159 Miss 732, 132 So 573; *Grotsch et al. v. Hassey,* 133 Misc 373, 231 NYS 469; *Lynch v. Lynch,* 83 A 403 (also see 34 RI 261, 83 A 83); *In re Romano's Estate,* 40 Wash2d 796, 246 P2d 501; *In re Hollingsworth's Estate,* 145 Wash 509, 261 P 403; Note, 158 ALR 1205; Note, 104 ALR 654; 1 Am Jur 83, Abatement and Revival, §§ 110, 111; 43 Harvard Law Review 109.

The motion is denied.

ON APPELLANT'S MOTION TO VACATE DECREE

*Hess & Hess*, of Portland, for the motion.

TOOZE, J.

This matter is now before us upon the motion of the defendant Florence Polen Meyer to vacate the decree entered by the trial court on June 15, 1954, from which decree defendant appealed to this court.

This suit was commenced in the circuit court for Multnomah county on March 26, 1953, by Arthur M. Dibble, as guardian of the person and estate of Louis E. Meyer, an incompetent person, as plaintiff, for the purpose of annulling the marriage of said Louis E. Meyer and Florence Polen (the defendant), which oc-

curred on September 10, 1952. On April 13, 1953, Louis E. Meyer died, and the cause of suit abated. Thereafter, Arthur M. Dibble, acting under an order of the probate court purporting to appoint him a special administrator for the sole purpose of continuing said suit, was substituted as a party plaintiff herein, and, as such, prosecuted the suit to its termination by the decree of June 15, 1954.

After defendant had perfected her appeal to this court from that decree, and before having made any appearance in this court on the appeal, Arthur M. Dibble died. On November 18, 1954, Walter E. Meyer, a nephew of Louis E. Meyer, deceased, filed his motion in this court to be substituted as a plaintiff herein in lieu of Arthur M. Dibble, deceased, or in the alternative that he be added as a party plaintiff. On January 12, 1955, by written opinion, we denied that motion.

In denying the motion we held that the original appointment of Arthur M. Dibble as a special administrator was void, and that as such special administrator he had no legal capacity to prosecute such suit. We also held that the death of Louis E. Meyer on April 13, 1953, abated the suit, and that it could not be revived.

The decree entered in said suit on June 15, 1954, is void and of no effect. The trial court had no jurisdiction to enter such a decree. The death of Louis E. Meyer, and not the decree, terminated the marriage relation. Upon the death of Louis E. Meyer prior to the decree, the trial court lost all jurisdiction of the subject matter of the suit. When Dibble, purporting to act as a special administrator, moved the trial court to be substituted as party plaintiff, the court was advised of the death of Louis E. Meyer. It should then have refused to proceed further and dismissed the suit,

acting on its own motion if necessary. *Anderson, Adm. v. Clough et al.*, 191 Or 292, 302, 230 P2d 204; *Holton v. Holton*, 64 Or 290, 296, 129 P 532.

■ However, the appeal from the purported final decree transferred jurisdiction of the cause to this court for trial de novo. The matter is now out of the hands of the trial court. Therefore, it remains for us to do what is necessary and proper in the premises.

■ There has been no appearance in this court in opposition to the motion now under consideration; in fact, there is no one who could properly appear in opposition. From the record before us, and in the light of what we said in *Dibble, Special Administrator, v. Meyer*, supra, it is manifest that defendant must prevail on her appeal. Reason dictates that the matter be promptly and finally terminated, and, to that end, we shall treat the motion before us as a submission of the matter upon its merits. Simply to dismiss the appeal, as is suggested in the motion to vacate the decree, as an alternative, would not accomplish the result which the facts and the law demand. It is unnecessary for us in this opinion to discuss further the merits of the case, as we covered the subject in detail in our former opinion: *Dibble, Special Administrator, v. Meyer*, supra.

The decree is reversed and the cause remanded with directions to dismiss the suit.