384 P.2d 476

Claude E. MILBOURN, Plaintiff-Respondent,

v.

Marie B. MILBOURN, Defendant-Appellant.

No. 9233.

Supreme Court of Idaho.

Aug. 9, 1963.

Bird & Hobdey, Gooding, for appellant.

James & Shaw, Gooding, for respondent.

McQUADE, Justice.

The opinion of this court filed herein July 5, 1963, is withdrawn and this opinion is substituted therefor.

This appeal is taken from a decree of divorce.

The parties hereto were married in June, 1933, in the State of Iowa; no children were

born of the marriage. The respondent, husband, brought this action against the appellant, wife, for a decree of divorce and division of property.

For his cause of action to obtain the decree of divorce, the respondent alleged that the appellant was guilty of extreme cruelty and that she was critical of the respondent's friends, neighbors and associates; that she embarrassed him by calling him on the phone at his lodges; that she falsely accused him of misconduct; that she criticized him for loaning equipment and tools to neighbors; that she had a violent temper and provoked quarrels and arguments; and that she refused to accompany him on social occasions.

Appellant, in her answer, alleged that the respondent was not a bonafide resident of the State of Idaho; that factual issues alleged by the respondent had been adjudicated in a former action in the State of Nebraska; that respondent was guilty of extreme mental cruelty toward the appellant; that she was disabled by virtue of injuries incurred in an automobile accident; and that she should be awarded separate maintenance in the sum of $150 per month.

The record on trial developed that during the period of the marriage, the parties hereto resided on a Nebraska farm which was owned by the parents of the respondent. A portion of the equipment used in the operation of this farm was owned by the respond-ent. The respondent testified that other equipment and tools used in the farming operation were owned by his father. There was additional farm equipment which respondent possessed prior to his marriage to the appellant. There is some conflict in the record concerning ownership of the equipment and as to its value. A pickup truck owned by the parties was wrecked and in lieu of seeking repairs the respondent received $1,325 from an insurance claim. This money was taken by the respondent to the State of Idaho. He also had in his possession a 1960 Pontiac automobile having an estimated value of $1,700.

The respondent paid to appellant pursuant to an order of the court $250 for attorney fees and $175 for suit money and travel expenses. At the time of the trial, the respondent was employed by the State Tuberculosis Hospital in Gooding receiving take-home pay in the sum of $39 per week. The appellant was employed in Kearney, Nebraska, and her weekly take-home pay was $38.60.

Subsequent to the date respondent filed his petition for divorce in the State of Nebraska, his wife followed him on the streets of Kearney, Nebraska, brought embarrassment to him; and, because of her prior threats upon his life, the respondent became ill, extremely nervous, and irritable which affected his ability to work. The respondent was being treated for a heart condition

which he stated was brought about through nervousness. He also testified that it was an impossibility for him to affect a reconciliation with the appellant. When respondent was interrogated on cross-examination as to whether the conduct of the appellant's following him and watching him produced extreme mental suffering he answered: "Yes, with the thought of what my wife was on the farm and home, yes. Very much."

Appellant testified that respondent was in error concerning her following him, she also testified to the conclusion that he was "woman crazy"; and that on one occasion respondent was in another woman's house mixing drinks, the lights went out and respondent departed shortly after 12 (presumably midnight). The appellant never mentioned this incident to the respondent prior to the time she testified at the trial.

The trial judge entered judgment that the bonds of matrimony between the parties be severed; that the respondent have the farm machinery and his personal effects; that the appellant be awarded the household furniture and furnishings in her possession; that the appellant have a judgment against the respondent in the sum of $4,000, payable $100 per month; and that the appellant shall have additional attorney fees in the sum of $150.

Appellant has taken her appeal from this judgment. Subsequent to entry of judgment by the trial court the respondent died from injuries suffered in an automobile accident. Death of respondent presents the question as to whether or not the action was abated thereby. This question was fully presented to the court by briefs and oral argument. Our statute pertaining to abatement of actions is I.C. § 5–319.

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. * * *"

This question of abatement was disposed of in Weisgerber v. Prescher, 37 Idaho 653, 217 P. 615.

"A simple action for divorce is extinguished by the death of one of the parties. [Citing Authorities] On the other hand, if the issues in the action expressly involve property rights, the action is not extinguished by death so far as that issue is concerned, but survives." [Citing Authorities]

The action between respondent and appellant concerned property rights. Division was made by the trial court of the property and this appeal was taken from the judgment. Therefore, because this action

involves property rights it is not abated by death of the respondent.

Appellant assigns error to the finding of the trial court that respondent was a bonafide resident and domiciled in Idaho. In this respect it is urged by appellant that respondent had left part of his personal property in the State of Nebraska where he had theretofore been a resident his entire life; that he had no acquaintances or relatives in Idaho; that he suddenly made the decision to reside in Idaho while traveling across country; that his accomodations in Idaho was a single motel room; that he retained his Nebraska driver's license and motor vehicle plates; and that he had not registered as a voter in Idaho.

A person cannot fully secure a divorce in the State of Idaho unless he be a resident six full weeks preceding the commencement of the action. I.C. § 32–701.

Respondent testified that he did not come to Idaho for the purpose of obtaining a divorce; that he intended to live in Idaho; that he was seeking permanent employment; that he was employed; that he came to Idaho to get away from the circumstances of his life in Nebraska.

These questions raised by appellant concerning respondent's residence were all for the consideration and final determination of the trial judge. An issue of fact was presented involving the court's jurisdiction to entertain respondent's cause. The trial court having determined that issue upon substantial and competent, though conflicting evidence, its finding will not be set aside here. Jolliffe v. Jolliffe, 76 Idaho 95, 278 P.2d 200; Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031.

Appellant next assigns error to the admission of testimony over objection which related to acts of the parties occurring prior to August 5, 1961, contending that this evidence was barred by the doctrine of res judicata. Respondent filed a petition for divorce on August 5, 1961, in the State of Nebraska on the grounds of extreme cruelty. This petition was dismissed by the Nebraska Court on December 18, 1961, for the reason that respondent had not sustained the burden of proof. The record of those proceedings is not before us, therefore it can only be conjectured as to what facts were considered by that court. Nevertheless, the parties have not lived together since August of 1961, and since that time respondent testified in support of his allegation of cruelty that while in Nebraska he was continually followed, checked on, sneered at and pointed at.

Because of these circumstances respondent testified he became extremely nervous, irritable and it was difficult for him to associate with people. Appellant denies that she participated in any course of conduct upon which respondent could predicate such assertions.

The findings of fact of the trial court on the conflicting evidence pertaining to the acts of cruelty and the effect of such acts on the marriage is as follows:

"That the defendant has been guilty of extreme cruelty toward the plaintiff which acts of cruelty occurred subsequent to the first action for divorce between the plaintiff and defendant. That although some of the testimony and support of the same seems quite light when taken with all the other facts and attitudes as shown to the court, the marriage of plaintiff and defendant has completely deteriorated and the plaintiff should be granted a divorce from the defendant."

This finding of fact makes special note that the acts subsequent to the first action are the basis for the decree. Therefore, the principle of res judicata has no application to the admission of evidence relating to acts occurring subsequent to commencement of the first action nor to the judgment entered thereon.

In 30A Am.Jur., Judgments, § 335, p. 379, it is stated:

"Generally, the doctrine of res judicata extends only to facts and conditions as they existed at the time the judgment was rendered and, ordinarily, res judicata does not apply where there are changed conditions and new facts which did not exist at the time of the prior judgment. The general view is that where, after the rendition of a judgment, subsequent events occur, creating a new legal situation or altering the legal rights or relations of the litigants, the judgment may thereby be precluded from operating as an estoppel."

Appellant next assigns error to the sufficiency of evidence upon which the trial court concluded that respondent was entitled to a divorce upon the grounds of extreme cruelty. Clayton v. Clayton, 81 Idaho 416, 345 P.2d 719 states:

"'* * * The particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question under the statute.'"

"'No fixed legal rule for determining the existence of extreme cruelty can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence, is the one to whom the law commits in the first instance, the determination of whether or not extreme cruelty has been established, and this court will not disturb the findings of the trial court unless there has been a want of ordinary

good judgment and an abuse of discretion by that court. [Citations.]' "

Piatt v. Piatt, 32 Idaho 407, 184 P. 470 also discusses this particular subject and says:

"In such cases this court will not disturb the findings, where it is not apparent that the evidence in support thereof is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court."

The record contains sufficient evidence to sustain the court's finding that appellant was guilty of extreme cruelty toward the respondent. Assignment of error also attacks the trial court's adjudication of division of the property. Appellant was awarded a $4,000 monetary judgment against respondent. The trial court required appellant to pay her own attorney fees on this appeal from the judgment, but required respondent to advance the costs and attorney fees.

Where, as here, the divorce is decreed upon the grounds of extreme cruelty, the property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just. I.C. § 32–712. Pursuant to I.C. § 32–712, the disposition of the property of these parties is committed to the discretion of the trial court in the first instance. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079; Smiley v. Smiley, 46 Idaho 588, 269 P. 589. In light of the division of the property, the requirement that appellant pay her own attorney fees was just and proper.

After careful consideration of all assignments of error we conclude that the trial court committed no reversible error in the trial of this cause.

The judgment is affirmed.

No costs allowed.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.