Argued June 23, affirmed August 10, 1972

PETERS, *Respondent, v.* R. A. BRIGGS & SONS (No. 35883), *Appellant.*

499 P2d 1361

*William L. Hallmark,* Portland, argued the cause for appellant. With him on the briefs were McMenamin, Jones, Joseph & Lang, Portland.

*D. R. Dimick,* Roseburg, argued the cause for respondent. With him on the brief was Darryl E. Johnson, Roseburg.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This is a workmen's compensation appeal involving the construction and application of ORS 656.204 (2), which authorizes the termination of death benefits payable to the widow of a workman killed in an industrial accident if she remarries. The employer appeals from a judgment of the trial court reversing the order of the Workmen's Compensation Board and reinstating the order of the hearing officer in favor of claimant. The Board ruled that claimant was no longer entitled to receive death benefits because she had remarried, even though the marriage was immediately annulled on grounds of fraud.

The employer contends that the trial court erred in the following particulars:

(1) In holding that claimant had not in fact "remarried" within the meaning of ORS 656.204 (2) ; and

(2) In holding that a decree annulling claimant's subsequent marriage to Orville Kozloski rendered that marriage void *ab initio.*

The central and controlling question presented for our decision may be stated as follows:

Does the term "remarriage" as used in ORS 656.204 (2) mean any subsequent marriage entered into by the deceased workman's widow, whether valid, voidable or void, or does it mean a marriage which is in fact valid?

Claimant is the widow of a deceased employe killed in a compensable industrial accident on October 11, 1968. Claimant was granted widow's benefits of $110 per month.

ORS 656.204 (2) provides:

"If death results from the accidental injury, payments shall be made as follows:

"* * * * *

"(2) If the workman is survived by a spouse, $110 per month shall be paid to the surviving spouse until remarriage. The payment shall cease at the end of the month in which the remarriage occurs.
* * *

"* * * * *

"(c) Upon remarriage, a widow shall be paid $2,500 as final payment of her claim, but the monthly payments for each child shall continue as before.

"* * * * *"

On September 21, 1969, claimant married Orville Kozloski in Winnemucca, Nevada. Immediately after the ceremony the couple separated and claimant left Nevada, returning alone to her domicile in Douglas County, Oregon. The marriage was never consummated and claimant never saw Kozloski again. Nine days later she filed suit for annulment on grounds of fraud in Douglas County and was granted a default decree of annulment on December 5, 1969.

On January 27, 1970, the employer's insurer, purportedly acting pursuant to ORS 656.204 (2)(c), advised claimant her remarriage had terminated her rights to widow's benefits. The insurer tendered a lump sum payment of $2,060 (the statutory amount of $2,500 less an overpayment of $440 for the period between September 21, 1969, and January 9, 1970, when

the last monthly payment had been made). Claimant refused the offer and requested a hearing, alleging that she had not "remarried" within the meaning of ORS 656.204 (2).

Claimant contends that the term "remarriage" as used in ORS 656.204 (2) means a valid and subsisting marriage. This is the same construction of that term which was reached in construing similar workmen's compensation statutes in four other states. *See, Southern Pac. Co. v. Industrial Com.,* 54 Ariz 1, 91 P2d 700 (1939) (dicta); *In re Duncan,* 83 Idaho 254, 360 P2d 987 (1961); *Eureka Block Coal Co. v. Wells,* 83 Ind App 181, 147 NE 811 (1925); and *First National Bank v. North Dakota Work. Comp. B.,* 68 NW2d 661 (ND 1955). Employer, on the other hand, urges that this court adopt the contrary rule announced by the Second Circuit in *Nott v. Flemming,* 272 F2d 380 (2d Cir 1959), a case involving a widow's right to social security benefits. The Fifth Circuit, however, in another social security benefits case refused to follow *Nott. Yeager v. Flemming,* 282 F2d 779 (5th Cir 1960).

The rationale of the *Nott* case was that under New York law an annulment is not retroactive and that the purpose of social security is to provide the widow with a minimum level of support until such time as she acquires another source of support by remarriage. New York law provided for alimony in an annulment suit; therefore whether the remarriage was valid or invalid the widow had contracted a new source of support. Employer argues that Oregon law also provides for this alternative right to support and that therefore claimant's benefits should be terminated.

The *Yeager* case refused to give this construc-

tion to the federal social security statutes. In *Yeager* the court said that the Social Security Act was to be liberally enforced; that a Connecticut annulment decree is retroactive; that therefore the marriage is erased and has "no more status or validity than if no act had been performed in connection with it." 282 F2d at 781. *Accord: Holland v. Ribicoff,* 219 F Supp 274 (D Or 1962). We agree with the conclusion of the court in *Holland* that the language of our Supreme Court in *Dibble v. Meyer,* 203 Or 541, 278 P2d 901, 280 P2d 765 (1955), quoted below was dicta.[①]

*In re Duncan,* supra, cites with approval *Eureka Block Coal Co. v. Wells,* supra (also cited in *Southern Pac. Co. v. Industrial Com.,* supra). In *Eureka* the claimant was seeking to reinstate widow's benefits after her 10-day marriage had been annulled because of fraud (voidable marriage). The court said:

> "* * * Giving the provision referred to a broad and liberal construction, as we must, a marriage, within the meaning of the statute, is not void or voidable marriage which may at once be annulled, but a valid and subsisting marriage." *Eureka Block Coal Co. v. Wells,* supra, 83 Ind App at 184.

■ The Oregon Workmen's Compensation Law is a remedial statute and is to be liberally construed to effectuate its purposes. *Boling v. Nork,* 232 Or 461, 375 P2d 548 (1962); *Colvin v. State Ind. Acc. Com.,* 197 Or 401, 253 P2d 910 (1953).

---

[①] "* * * [U]ntil a decree is entered in such suit in favor of the plaintiff, the marriage is valid for all purposes and carries with it all the incidents of a valid marriage. In this state, under the statutes, there is little, if any, substantial difference between suits for annulment of voidable marriages and suits for divorce * * *." Dibble v. Meyer, 203 Or 541, 546, 278 P2d 901, 280 P2d 765 (1955).

■ We conclude that the logical meaning of "remarriage" as contemplated by ORS 656.204 (2) is a "valid and subsisting marriage," and that it was the intention of our legislature that a widow would lose her rights to benefits only if she subsequently contracts a "valid and subsisting marriage." It follows that claimant did not lose her widow's benefits where her voidable remarriage was seasonably annulled by a court of competent jurisdiction. *Southern Pac. Co. v. Industrial Com.; In re Duncan; Eureka Block Coal Co. v. Wells,* all supra.

Affirmed.