15 P.3d 816

**Dean L. BARNES, Plaintiff–Respondent,**

v.

**Mary I. BARNES, Defendant–Appellant.**

No. 25184.

Supreme Court of Idaho,
Boise, September 2000 Term.

Dec. 1, 2000.

Denman & Reeves, Idaho Falls, for appellant.

No appearance by respondent. Dean Barnes died during the pendency of this action and no party has substituted in.

TROUT, Chief Justice.

This is an appeal from an order of the district judge on appeal, affirming the magistrate judge's order granting a motion for partial summary judgment for divorce.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff–Respondent Dean L. Barnes ("Dean") and Defendant–Appellant Mary I. Barnes ("Mary") were married on July 10, 1997 in Idaho Falls, Idaho. Barely one month later, on August 15, 1997, Dean filed a complaint for dissolution of their marriage. Dean was suffering from Amyotrophic Lateral Sclerosis, an incurable and terminal disease, for which he wished to travel to Arizona to receive treatment. He filed for divorce on the grounds of irreconcilable differences.

On October 21, 1997, Dean filed a motion for judgment on the pleadings, or alternatively for summary judgment, to obtain a divorce prior to resolution of the property issues. On October 29, 1997, the magistrate judge held a hearing to which Mary objected on the grounds that Dean had not provided timely notice under rules 6(d), (a), and (e) of the Idaho Rules of Civil Procedure. The magistrate judge sustained the objection and vacated the hearing. Dean immediately filed an amended notice rescheduling the hearing for November 12, 1997.

On November 12, 1997, the trial court conducted a hearing on the motions. Mary objected, arguing the motions under I.R.C.P. 12(c) and 56(a) could not be heard because she had not filed an answer to the complaint and therefore the pleadings were not closed. On November 13, 1997, the magistrate judge issued a memorandum decision in which he sustained the objection under I.R.C.P. 12(c), finding that the plaintiff's motion for judgment on the pleadings was untimely since the pleadings were not yet closed. However, the magistrate judge granted the interim divorce upon Dean's motion for summary judgment under I.R.C.P. 56(a), citing as his reasons the plaintiff's ill health and the desirability of resolving the divorce issue promptly. The trial court issued an order granting a final divorce on the grounds of irreconcilable differences and certifying the order as final and appealable under I.R.C.P 54(b), but reserving all other issues, including property division, for later decision.

Mary filed a motion for reconsideration of the trial court's memorandum decision. In this motion, Mary asserted that summary judgment should not have been granted because Dean's motion was not filed at least twenty-eight days before the scheduled hearing as required by I.R.C.P. 56(c). The trial court denied Mary's motion for reconsideration.

Mary filed a notice of appeal to the district court from the partial summary judgment and from the order denying her motion to reconsider. During the pendency of the appeal to the district court, Dean died. Dean's attorney was allowed to withdraw from the case after notifying Dean's heirs but receiving no direction from them regarding the appeal.

On October 19, 1998 the district judge found that although the motion for summary judgment was not served on Mary at least twenty-eight days before the scheduled hearing as required under Rule 56(c), because Mary did not object to the untimely filing of the motion for summary judgment at the hearing on November 12, 1997, the error was waived. In addition, the district judge noted that Mary was represented by counsel at the hearing on the motion and did not appear to be prejudiced in any way by Dean's noncompliance with the time requirements of Rule 56(c). The district judge also found the magistrate judge did not err in ruling on

Dean's motion for summary judgment even though Mary had not filed an answer and the pleadings were not closed.

Mary appealed, arguing summary judgment was improper where the hearing procedure did not follow the time requirements of Rule 56(c). In addition, Mary asks this Court to consider whether the district judge erred in failing to reverse and remand for dismissal of the entire action for divorce because Dean died during the pendency of the appeal.

## II.

## STANDARD OF REVIEW

When reviewing a ruling on a motion for summary judgment, this Court's standard of review is the same as that used by the trial court. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994). The Court must liberally construe the facts in favor of the non-moving party and determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c).

When an appeal is initially taken to the district court from a decision by a magistrate judge, any subsequent review by this Court will be conducted independent of, but with due regard for, the decision of the district judge. *Smith v. Smith*, 124 Idaho 431, 436, 860 P.2d 634, 639 (1993) (citations omitted).

## III.

## DISCUSSION

### A. Abatement of Appeal.

Mary argues the district judge erred in not reversing and remanding the case back to the magistrate judge for dismissal of the action for divorce. Mary asserts that where a spouse dies subsequent to the entry of a judgment for divorce, pending appellate review, the action abates, the case must be dismissed, and the parties are not divorced.

The abatement of actions is governed by I.C. § 5–319:

An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest.

Interpreting this section in relation to the death of a party pending appeal from a divorce, this Court has held:

A simple action for divorce is extinguished by the death of one of the parties. [Citing Authorities] On the other hand, if the issues in the action expressly involve property rights, the action is not extinguished by death so far as that issue is concerned, but survives. [Citing Authorities]

*Milbourn v. Milbourn*, 86 Idaho 213, 217, 384 P.2d 476, 478 (1963)(quoting *Weisgerber v. Prescher*, 37 Idaho 653, 655, 217 P. 615, 616 (1923)). This general statement fails to clarify whether the action is extinguished in the limited sense of merely abating the appeal, but leaving the prior judgment intact, or abates in the broader sense by extinguishing the entire proceeding and leaving the parties as if no divorce were filed. We believe that under Idaho law, where a spouse dies subsequent to the entry of judgment granting divorce, the appeal—not the entire action—abates. If property issues are involved, the action continues solely to resolve those issues. This statement of the law is consistent with this Court's prior analysis in *Milbourn v. Milbourn*, 86 Idaho 213, 384 P.2d 476 (1963) and *Weisgerber v. Prescher*, 37 Idaho 653, 217 P. 615 (1923). This may in some circumstances mean that a party challenging the entry of the divorce itself is left with no recourse upon the death of the other party. Given the fact that an action for divorce is purely personal, the death of a party not only terminates their relationship in a much more final way than any court decree, the death also ends the judicial power to rule on their marital status. If a court of competent jurisdiction has already entered a decree of divorce, the parties are simply and finally divorced and the surviving party has no ability to further challenge the decree.

In *Milbourn,* the trial judge entered judgment severing the bonds of matrimony between the parties and distributing the couple's property. The wife appealed the judgment arguing her husband could not secure a divorce in Idaho because he was not a bona fide resident, the trial court committed error in allowing testimony regarding factual issues that had been adjudicated in a former action in Nebraska, and the trial court erred in concluding respondent husband was entitled to divorce on the grounds of extreme cruelty. The husband died subsequent to entry of judgment by the trial court. Relying on the abatement statute, I.C. § 5–319, this Court concluded that although a simple action for divorce would be extinguished by the death of one of the parties, because the action between the Milbourns also concerned property rights, the action was not abated by the husband's death.

The Court in *Milbourn* also analyzed whether the husband was domiciled within the state a sufficient time to commence an action for divorce and whether the divorce was properly granted on the grounds of extreme cruelty; however, in reaching these issues, the Court was not considering the merits of the divorce itself. Idaho Code § 32–601 provides the only manner for a marriage to be dissolved in Idaho, either "[b]y the death of one of the parties; or ... [b]y the judgment of a court of competent jurisdiction decreeing a divorce of the parties." The Court in *Milbourn* properly considered whether a court of competent jurisdiction, that is, one that had jurisdiction based on residency, granted the divorce before the husband's death. The review of the grounds for divorce is also consistent with the Court's holding regarding abatement. A finding of extreme cruelty under the statutes at that time directly impacted the property division of the parties, the very issue that survived the husband's death. *Milbourn,* 86 Idaho at 220, 384 P.2d at 480 (citing I.C. § 32–712(2)(1963), *amended by* I.C. § 32–712(1)(b)(1965). Thus, while the Court could not review the actual divorce after the husband's death, it was appropriate and consistent to consider whether the trial court had jurisdiction over the action and whether the

grounds for the divorce affected the property division. It is also important to note that had the Court in *Milbourn* believed that the death of one of the parties not only abated the appeal but also set aside the initial decree of divorce, there would have been no reason for the Court to discuss jurisdictional and property issues.

This Court has also applied the general rule regarding abatement of an appeal from a divorce, to an action for annulment. *Weisgerber v. Prescher,* 37 Idaho 653, 217 P. 615 (1923). In *Weisgerber,* this Court affirmed the district judge's order denying a wife's motion to set aside a default judgment granting annulment and abated her appeal where the husband died after the original judgment. In *Weisgerber,* the husband brought an action for annulment of his marriage. Subsequent to a default judgment entered against appellant wife, the husband died. The wife then filed a motion asking that the default be set aside, the decree of annulment be vacated, and she be allowed to interpose an answer. The district judge ordered the administrator of the husband's estate substituted as plaintiff in the action, but then denied the motion to set aside the default and upheld the decree of annulment.

On review, this Court first recognized the action involved was an "out-and-out action for annulment with nothing said about property rights." *Id.* at 655, 217 P. at 616. Applying the general rule that "a simple action for divorce is extinguished by the death of one of the parties," the Court affirmed the annulment and concluded that because there were no property rights involved in the action "[i]t is impossible to hold that the action survived so that appellant could have the administrator substituted as plaintiff, have the default set aside, and interpose a defense." *Id.*

Both *Weisgerber* and *Milbourn* provide clear precedent in Idaho that where a party to a divorce dies during the pendency of the appeal, the appeal abates. Because Dean died during the pendency of appeal of a grant of divorce, Mary's challenge to the procedure of the divorce is abated and the parties remain divorced according to the

grant of partial summary judgment by the magistrate judge.

## B. Action Survives Where Property is at Issue.

■ *Weisgerber* and *Milbourn* also clearly establish that if property is an express issue in the action, the appeal continues to resolve those issues. Therefore, the next step in our analysis is to determine whether property is expressly at issue even where it is not an issue on appeal. We find that although no property issues are presented in this appeal, the action between Dean and Mary nevertheless concerns property rights.

This Court has found partial summary judgment appropriate in divorce actions so long as the requirements of Rule 54(b) are met: that "there is no just reason for delay," and "[i]n the event that the trial court determines that a judgment should be certified as final the court shall execute a certificate." *Swope v. Swope*, 112 Idaho 974, 739 P.2d 273, 276 (1987) (quoting I.R.C.P. 54(b)). The magistrate judge in this case determined that, due to Dean's ill health and the desirability of his resolving the divorce issue promptly, partial summary judgment was appropriate and issued a Rule 54(b) certificate certifying the divorce as final while reserving other issues, including property division, for subsequent proceedings. Bifurcated divorce cases, such as this one, are therefore in a different posture than cases such as *Milbourn*, where the entire action, both property division and the grant of divorce, was resolved at the trial court and brought together on appeal. To say that there are no express property issues simply because they have yet to be resolved by the lower court frustrates the purpose for the cause of action to continue, which is to allow a proper party in interest to determine those rights. Because the magistrate judge was presented with property issues that have yet to be resolved, property was an express issue in this action and this case must proceed to resolve those issues.

## C. Challenge to Summary Judgment Procedure.

■ Because a final decree was issued, and Dean died during pendency of appeal,

the appeal abates and this court will not consider Mary's challenges to the grant of summary judgment for interim divorce. Unlike the issues raised in *Milbourn*, Mary does not challenge the jurisdiction of the court to grant the divorce nor has she raised an issue impacting the division of property rights. Instead, Mary asks this Court to review the grant of divorce and to posthumously reunite the parties based on a procedural flaw in the motion for summary judgment. We decline to do so. The appeal abated upon Dean's death and Mary's challenge to the procedure for a grant of summary judgment does not present an issue which is reviewable on appeal.

## IV.

## CONCLUSION

The appeal from the grant of summary judgment for interim divorce abated upon the death of Dean. The original grant of divorce stands. This case is remanded to the magistrate judge to resolve the property issues, if any, consistent with this decision. No costs are awarded.

JUSTICES SILAK, SCHROEDER, WALTERS and KIDWELL concur.