73 P.3d 94

Melissa HEI, a single person; and Michael Hei and Colleen Hei, husband and wife, Plaintiffs–Appellants,

v.

Mark HOLZER and Lisa Holzer, husband and wife; Joint School District No. 391, a political subdivision of the State of Idaho; Larry L. Curry, in his capacity as Superintendent of Joint School District No. 391; Larry Wier, in his capacity as Principal of Kellogg High School; and John Does 1—5, in their capacity as Board Members of Joint School District No. 391, Defendants–Respondents.

No. 26968.

Supreme Court of Idaho, Cd'A, October 2002 Term.

June 4, 2003.

Rehearing Denied July 29, 2003.

Rude, Jackson & Daugharty, Coeur d'Alene, for appellants. Paul W. Daugharty argued.

Anderson, Julian & Hull, Boise, for respondents Joint School District No. 391, Curry, Wier & Does 1—5. Brian K. Julian argued.

Michael F. Peacock, Kellogg, for respondents Holzer.

TROUT, Chief Justice.

This is a case about the civil liability arising out of a sexual relationship between a high school student and her teacher. The student and her parents appeal the district court's Order granting summary judgment to the teacher and school district. Because there are genuine issues of material fact with regard to some of the student's claims, we reverse in part and remand to the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Student Melissa Hei ("Hei") and her teacher Mark Holzer ("Holzer") began a sexual relationship in the winter of Hei's junior year at Kellogg High School in Joint School District No. 391 ("School District"). Holzer was Hei's physical education teacher and basketball coach; Hei also served as Holzer's teacher's aide. Holzer and his wife (also a teacher) were family friends of the Heis.

Early in Hei's junior year, the fall of 1995, mutual flirting started to develop. Holzer and Hei began confiding in one another and each expressed feelings for the other. Hei turned eighteen in December, and in January 1996, a romantic relationship developed. Several incidents of sexual contact occurred between January and October, with sexual intercourse first occurring in March. At first, Hei and Holzer kept their relationship quiet, but students and teachers began suspecting something was occurring. In late January, Hei told a teacher about the feelings she had for Holzer. The teacher told the activities director about the conversation, and the activities director told the principal and superintendent in February. The school employees began investigating in February, but both Hei and Holzer denied the rumors. Eventually, in early May, Hei told a teaching assistant about the sexual nature of the relationship. In mid-May, another teacher learned of the sexual nature of the relationship and she relayed this to the activities director. The activities director immediately informed the principal and superintendent that Holzer had sexual intercourse with Hei. In late June, the teaching assistant told the principal that sexual contact occurred. Holzer resigned the next day.

The Heis filed their Complaint March 17, 1997. The district court issued an Order granting summary judgment to Holzer and the School District on August 31, 2000. The Heis filed a timely Notice of Appeal.

## II.

## STANDARD OF REVIEW

When considering a ruling on a motion for summary judgment, this Court's standard of review is the same as that used by the trial court in ruling on the motion. *Barnes v. Barnes*, 135 Idaho 103, 105, 15 P.3d 816, 818 (2000). We must liberally con-

strue the facts in favor of the non-moving party and determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). In making this determination, all allegations of fact in the record, and all reasonable inferences from the record are construed in the light most favorable to the party opposing the motion. *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002). The burden of proving the absence of material facts is upon the moving party. *Id.* Once the moving party establishes the absence of a genuine issue, the burden shifts to the non-moving party to show that a genuine issue of material fact on the challenged element of the claim does exist. The nonmoving party may not rest upon the mere allegations or denials contained in the pleadings, but must come forward and produce evidence by affidavits or as otherwise provided in the rules to set forth specific facts showing that there is a genuine issue for trial. I.R.C.P. 56(e). Failure to do so will result in an order granting summary judgment.

## III.

## DISCUSSION

The issues raised on appeal fall into three general categories: (1) Melissa Hei's claims against Mark and Lisa Holzer; (2) Melissa Hei's claims against the School District; and (3) the Hei parents' claims against both Holzer and the School District. The district

1. Hei produced a psychologist's affidavit in which Hei was said to be incapable of consenting to the sexual relationship. The district court did not issue a written ruling in response to the school district's motion to strike the affidavit due to foundational deficiencies. However, during oral argument, the district court judge indicated that he thought the affidavit was inadmissible and therefore did not consider it. Based on the district court judge's remarks, we believe the affidavit was stricken from the record and will, therefore, not consider the affidavit.

2. Hei also challenges the dismissal of her claims of negligence per se, mental distress, negligent infliction of emotional distress, sexual harassment, and sexual abuse. However, her failure to support those claims with statutory or case authority on appeal makes it difficult to see what possible issue of material fact exists. *See Highland Enterprises, Inc. v. Barker,* 133 Idaho 330,

court's grant of summary judgment was proper with regard to the Hei parents' claims. The district court also correctly granted summary judgment against Hei on her claims against Mark and Lisa Holzer. However, there are genuine issues of material fact precluding summary judgment for two of Hei's claims against the School District.

### A. Claims Against Holzer and his Wife

In its Conclusions of Law, the district court found that the sexual relationship between Hei and Holzer was consensual.[1] No evidence in the record contradicts the finding of a consensual relationship. As such, there is no genuine issue of material fact with regard to Hei's sixth cause of action for battery, seventh cause of action for assault, and ninth cause of action based on seduction.[2]

■ In addition, the district court correctly granted summary judgment to Holzer on Hei's second cause of action based on negligence. Hei can maintain her negligence action only if she establishes a duty of care owed to her by Holzer. While we have recognized a duty of care owed by teachers to students, *see, e.g., Brooks v. Logan,* 127 Idaho 484, 490, 903 P.2d 73, 79 (1995) (noting duty owed by teacher to student), we have not recognized such a duty for students who have reached the age of majority and entered into a consensual relationship with a teacher that is otherwise legal.[3] As discussed above,

349–350, 986 P.2d 996, 1015–1016 (1999) ("[T]his Court will not consider issues cited on appeal that are not supported by proposition of law, authority or argument."). Hei also tangentially alleges Holzer is liable under Title IX. No argument or authority is provided for this cause of action; therefore, we decline to reverse the district court's grant of summary judgment against Hei on any of these other causes of action. *See, id.* Because the defendants did not raise the issue of the constitutionality of the cause of action for seduction, we do not express any opinion on that issue.

3. We recognize the existence of I.C. § 33–201, which defines "school age" as between the ages of five (5) and twenty-one (21) years. That statute defines "school age" for the purpose of providing services by the public schools, and in no way creates a duty of care owed to students

there is nothing in the record that contradicts the finding that the relationship between Hei and Holzer was consensual. Because Hei fails to establish the existence of a duty of care owed by Holzer, the district court correctly granted summary judgment on the second cause of action based on negligence.[4] Despite the fact that Hei fails to establish a duty of care owed by the teacher, we discuss below the School District's duty to protect students from sexual contact with teachers.

## B. Claims Against the School District

■■■■ We will not review issues neither presented in the statement of issues nor argued by either party in their briefs. *Rhead v. Hartford Ins. Co. of the Midwest,* 135 Idaho 446, 452, 19 P.3d 760, 766 (2001). Hei brought seventeen causes of action in the initial complaint. Eleven of the causes of action premise the School District's alleged liability on vicarious liability. The district court granted summary judgment against Hei on the issue of vicarious liability, and Hei failed to raise the issue of vicarious liability in her brief. Therefore, we will not consider that issue and will not disturb the district court's grant of summary judgment as to those causes of action. Two of the causes of action assess liability to the School District on breach of contract theories. Again, Hei fails to raise these issues on appeal and we will not consider them. The four remaining causes of action in the complaint were raised on appeal and are discussed below.

### 1. 42 U.S.C. § 1983

■■■ Hei advances a 42 U.S.C. § 1983 cause of action against the School District for alleged violations of her constitutional rights. The district court found that Hei failed to demonstrate any factual support for the contention that the School District has a policy in place which amounted to deliberate indifference to her constitutional rights, or that the School District acted in a manner amounting to deliberate indifference with re-

gard to Holzer's conduct. To state a § 1983 civil rights lawsuit against the School District, Hei must demonstrate she possessed a constitutional right that was violated by the School District through deliberate indifference of her rights. For the School District to be liable, a School District employee, Holzer, must have been acting under color of state law when committing the acts that Hei alleges violated her right to due process. Thus, two initial questions arise: (1) did Hei have a constitutional right that was violated; and (2) was Holzer acting under color of state law. Because there was no constitutional right violated, we need not address the second question.

■■■■ Hei claims she had a right to be free from sexual abuse by a teacher, and some courts have indeed found this right—for minors. *See, e.g., Plumeau v. School Dist. No. 40 County of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997) (finding the right for a nine-year-old student); *Doe v. Taylor Indep. School Dist.,* 15 F.3d 443, 451 (5th Cir.1994) (en banc) (finding the right for a fifteen-year-old student). No such constitutional right has been articulated for students who have reached the age of majority. While Holzer's behavior in having sexual relations with a student is offensive, that offensiveness alone does not create a constitutional right. Sexual intercourse is illegal when performed with a fourteen-year-old. While sexual intercourse with an eighteen-year-old may likewise constitute a criminal act, the illegality is not dependent purely upon the age of the participants. The cases finding a substantive due process right for school children to be free from sexual abuse by a teacher, have done so in large part because sexual intercourse with a minor is illegal and presumptively without their consent. We do not find that the act of sexual intercourse between consenting adults is enough to create a constitutional right for a high school student involved in a sexual relationship with a teacher. Hei fails to point to any constitutionally-protected right violated by the sexual rela-

beyond what this Court has previously recognized.

4. Hei presents no argument supporting the claims against Lisa Holzer. Accordingly, we will not disturb the district court's grant of summary judgment in favor of Lisa Holzer.

tionship with Holzer and, therefore, her § 1983 claim must fail.

## 2. Title IX

 Hei also brings a Title IX claim against the School District. The district court made a "Finding of Fact" that the School District lacked notice of any sexual activities until it asked for Holzer's resignation on June 24, 1996. However, the record contains a school official's documentation of events indicating that School District officials were aware of a sexual relationship at least as of May 19, 1996—over a month before Holzer finally resigned. Thus, a factual dispute exists over when the School District was made aware of the sexual relationship between Holzer and Hei. This factual dispute has a bearing on whether the School District has violated Hei's Title IX rights. Actual knowledge of, and deliberate indifference to, the teacher's discriminatory conduct subjects a school district to potential Title IX liability. *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274, 285, 118 S.Ct. 1989, 1996, 141 L.Ed.2d 277, 288 (1998). Despite the district court's "Finding of Fact" that the School District did not have actual notice of any sexual activities until June, facts in the record are contradictory. This factual dispute forestalls summary judgment with regard to the fifteenth cause of action relating to Title IX.

## 3. Negligent Supervision

 The two remaining causes of action deal with the School District's supervision of Holzer and Hei. In the complaint, Hei blends together her negligent supervision claims, claiming the School District is liable both for failing to supervise, and thereby protect, Hei, and failing to properly supervise Holzer. In response, the School District interposes I.C. § 6–904A as a shield against liability premised on negligent supervision of

Holzer. I.C. § 6–904A has no bearing on this case because the School District was not supervising Holzer within the meaning of the statute. That statute provides immunity from governmental liability for actions of persons under "supervision, custody or care" of a governmental entity. The fact that the teacher worked for the School District did not place him under the District's "supervision, custody or care" within the meaning of the immunity provisions. While we have suggested that a narrow construction of the term "custody" would frustrate the purpose of the statute *(see, e.g., Harris v. State Dep't of Health & Welfare*, 123 Idaho 295, 300, 847 P.2d 1156, 1161 (1993)), we do not believe "supervision, custody or care" can be so broadly interpreted as to include the employment relationship between a school district and a teacher. Thus, we find no supervisory relationship between a school district and its teachers for purposes of I.C. § 6–904A.[5] Because I.C. § 6–904A does not apply on these facts, the School District is not immune from a claim of negligent supervision against Holzer. The fact that there is not an I.C. § 6–904A supervisory relationship between the School District and its teacher does not prevent Hei from raising a common law negligent supervision claim against the School District if she can point to facts in the record supporting such a claim. In the analysis that follows, we will discuss Hei's negligent supervision claims: the negligent supervision of Hei as a student and the negligent supervision of the teacher.

 Hei has no cause of action for the School District's alleged negligent supervision of her as a student. Unlike the situation above, where the immunity of I.C. § 6–904A does not apply because there is not a supervisory relationship between the School District and a teacher, there is an I.C. § 6–904A supervisory relationship between the school district and a student. *See Mickelsen*, 127 Idaho at 402, 901 P.2d at 509. Thus, the

---

**5.** Compare the situation where a student injures another student. In that case, the student causing injury (the tortfeasor) is under the supervision of the school district. Thus, I.C. § 6–904A would provide immunity to the school district for negligent supervision of the injury-causing student. *See Mickelsen v. School Dist. No. 25*, 127 Idaho 401, 402, 901 P.2d 508, 509 (1995) (hold-

ing school district immune from suit under I.C. § 6–904A when student injured at school by other students). In this case there is not an I.C. § 6–904A supervisory relationship between the School District and Holzer. As a result, the School District cannot claim the statutory immunity for actions of a teacher not under its I.C. § 6–904A supervisory control.

School District is immune under I.C. § 6–904A to the extent Hei premises the negligent supervision claim on the School District's alleged failure to use reasonable care in supervising *her*, as a student, for any alleged harm she inflicted on herself as a result of the consensual relationship she entered into with her teacher. *See Brooks v. Logan*, 130 Idaho 574, 577, 944 P.2d 709, 712 (1997) (holding school district immune from negligent supervision claim where student harmed himself); *see also Coonse*, 132 Idaho at 806, 979 P.2d at 1164. Nevertheless, Hei has a cause of action based on the School District's alleged negligent supervision of Holzer.

 Facts in the record preclude summary judgment against Hei's negligent supervision claim based on the supervision of a teacher who has sexual contact with a student. As discussed above, genuine issues of material fact regarding the School District's actual knowledge of an improper relationship between Hei and Holzer exist. It is material that the School District may have known one of its teachers was having sexual relations with a student, yet failed to take action to supervise and protect the student. The School District owed some type of duty of care to Hei. *See* I.C. § 33–512; *see also Coonse ex rel. Coonse v. Boise School Dist.*, 132 Idaho 803, 805, 979 P.2d 1161, 1163 (1999) (citing I.C. § 33–512(4) and pointing out school district has statutory duty to act reasonably in supervising students). While we note that there might be a common law negligence cause of action based on a duty of care school districts owe to pupils, we do not hold that I.C. § 33–512 creates a negligence per se duty. *See Coonse*, 132 Idaho at 807, 979 P.2d 1161 ("I.C. § 33–512(4) does not create a separate tort or a new cause of action beyond the duty of care school districts owe to pupils."). These same facts bear on the issue of whether the School District was negligent in supervising the teacher and preventing his sexual conduct with a student. Therefore, the third cause of action raising the issue of whether the School District is liable for negligence in supervising a teacher survives summary judgment.[6]

## C. Parents' Claims

 In its Conclusions of Law, the district court found there is no cause of action for parents seeking compensation for alleged injury to adult offspring. The Hei parents raise this issue on appeal, but they do not provide authority for the proposition that parents have a cause of action for alleged injury to an adult daughter.

 We will not consider issues cited on appeal that are not supported by propositions of law, authority, or argument. *Highland Enterprises v. Barker*, 133 Idaho 330, 349, 986 P.2d 996, 1015 (1999). The Hei parents quote I.C. § 33–512 for the apparent proposition that school districts owe a duty of care to parents. Even if I.C. § 33–512 did establish as much, the Hei parents fail to provide authority or argument that a cause of action should be available to parents for alleged injury to their adult offspring. Therefore, the district court's grant of summary judgment against the Hei parents is affirmed.

## D. Attorney's Fees

 Respondents School District and Holzer request an award for attorney's fees and costs on appeal. Because neither is clearly prevailing in this appeal and the case is being remanded for further proceedings, an award of attorney's fees is not warranted.

## IV.

## CONCLUSION

We hold that no genuine issue of material fact is presented in the Hei parents' claims against Holzer and the School District, and the district court therefore correctly entered summary judgment against the Hei parents. Likewise, the district court correctly granted summary judgment against Hei on her claims against Mark and Lisa Holzer. However, there are issues of material fact relating to Hei's Title IX and negligent supervi-

---

6. Hei's twelfth cause of action, entitled "Breach of Fiduciary Duty," repeats the substantive claims made via the negligence supervision claim. Therefore, we only address the negligence supervision claim on appeal.

sion claim against the School District. We affirm in part and vacate and remand in part for further proceedings consistent with this opinion. Given the mixed result, we do not award costs to either party.

Justices SCHROEDER, KIDWELL and EISMANN concur.

Justice WALTERS, Dissenting.

I would affirm the district court's dismissal of all claims in this case. As recognized by the foregoing opinion, both Ms. Hei and Mr. Holzer were adults at the time they consensually engaged in the sexual liaisons that formed the basis for the plaintiffs' claims for damages against the defendants. There is no evidence that they were other than legally competent when they consummated their affair. I disagree with the majority's determination under the facts in this case that there is a "duty" which should give rise to a cause of action to recover damages for negligence against the school district when the alleged underlying tortious conduct was between consenting adults.

The ruling in this case will create liability for illicit affairs between adult students and adult instructors not only in Idaho's high schools but also in its colleges and universities. The fact that one of the parties is a student and the other is a teacher when, as adults, they fall in love and engage in sexual activities should not be the basis for liability between them nor on the part of the educational institution where one of the participants is enrolled as a student and the other teaching, under the guise of some kind of negligent supervision by the institution or its governing body, whether it be a local school board of trustees, a university's Board of Regents, or the state Board of Education.