901 P.2d 508

Andrea **MICKELSEN** and Alan and Kathy Mickelsen, her natural parents, Plaintiffs–Appellants,

v.

Staci **Smith** and Gary and Vicki Smith, her natural parents and guardians; and Chris Kofoed and John and Jane Doe I, his natural parents and guardians, whose true names are unknown, Defendants,

and

**SCHOOL DISTRICT NO. 25;** School Board of School District No. 25; David Peck, Ph.D., Superintendent of School District No. 25; Robert Gould, Principal of Highland High School; and Clark Christiansen, Dean of students of Highland High School, Defendants–Respondent.

No. 21630.

Supreme Court of Idaho, Idaho Falls, May 1995 Term.

August 23, 1995.

402

James B. Green, Pocatello, for appellant.

Quane, Smith, Howard & Hull, Pocatello, for respondent. Douglas J. Balfour, argued.

SCHROEDER, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Andréa Mickelsen and her parents (the Mickelsens) brought this negligence action against School District Number 25, its Board and Superintendent, and the Principal and Dean of Students for Highland High School (the school defendants). The case arises from serious, permanent head injuries sustained by Andrea Mickelsen while a student at Highland High School in a fight involving two other students that took place in a hall-way during school hours. The Mickelsens also brought suit against those two students

and their parents, but that action is not part of the present appeal. The district court granted summary judgment in favor of the school defendants. The district court based its ruling on the Mickelsens' complaint and the school defendants' answer, determining the case solely upon the legal issue of governmental immunity.

The district court ruled that the school defendants were not entitled to summary judgment under section 6–904(3) of the Idaho Code (1990). The court reasoned that I.C. § 6–904(3) only provides a grant of immunity against claims arising from assaults by governmental employees and not against claims of governmental liability arising from assaults by individual citizens.

The district court next ruled that the school defendants were immune from liability pursuant to section 6–904A(2) of the Idaho Code (1990). That section insulates governmental entities and employees from liability arising out of injuries "by a person under the supervision, custody or care of a governmental entity."

The district court also concluded that the immunity from liability of I.C. § 6–904A(2) barred the Mickelsens' claim under section 33–512(4) of the Idaho Code (1995) which specifies that school districts have a duty to "protect the morals and health of the pupils." The district court reasoned that because the Mickelsens' claim under I.C. § 33–512(4) was one based on a failure to supervise, the statute did not add anything to their underlying claim.

After Idaho Rule of Civil Procedure 54(b) certification, the Mickelsens took this appeal.

## II.

## THE DISTRICT COURT DID NOT ERR IN HOLDING THAT I.C. § 6–904A(2), WHICH INSULATES GOVERNMENTAL ENTITIES AND EMPLOYEES FROM LIABILITY ARISING OUT OF INJURIES "BY A PERSON UNDER THE SUPERVISION, CUSTODY OR CARE OF A GOVERNMENTAL ENTITY," BARRED THE MICKELSENS' CLAIM AGAINST THE SCHOOL DEFENDANTS

Enacted in 1988, the relevant section at issue provides as follows:

A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:

. . . .

2. Arises out of injury to a person or property **by a person under supervision, custody or care of a governmental entity** or by or to a person who is on probation or parole or any work-release program, or by or to a person receiving services from a mental health center, hospital or similar facility.

I.C. § 6–904A(2) (emphasis added).

In *Harris v. State Dep't of Health & Welfare*, 123 Idaho 295, 847 P.2d 1156 (1992), the Court held that I.C. § 6–904A(2) provided immunity to Department of Health & Welfare employees in an action brought by an elderly widow who had been raped by a juvenile who was in the Department's custody pursuant to court order. Rejecting the victim's arguments that the juvenile's out-of-home placement did not constitute custody, within the meaning of I.C. § 6–904A(2), the Court followed the "plain, obvious, and rational meaning" of the statute in holding that immunity depended on legal, not physical, custody. *Id.* at 300, 847 P.2d at 1161. *Harris* did not discuss immunity for "supervision," but in interpreting the term "custody" the Court indicated that adopting a narrow construction would frustrate the purpose of the statute. *Id.*

The district court in this case concluded that a supervisory relationship existed between the school and the students based on both statutes and case law. *See Bauer v. Minidoka School Dist. No. 331*, 116 Idaho 586, 590, 778 P.2d 336, 340 (1989) (schools have a duty to supervise students); I.C. § 33–202 (1995) (school attendance compulsory); I.C. § 33–512 (1995) (school board must protect morals and health of students, may discipline students, and may remove or prohibit those that interfere with obligation to protect health and morals); I.C. § 33–205 (1995) (power of expulsion and suspension); I.C. § 33–1224 (1995) (teachers have right to direct conduct of students during school); I.C. § 33–1801 (1995) (school safety patrols). It is clear that an extensive supervisory relationship exists between schools and students. Aside from custodial circumstances, it is difficult to identify any relationship between the government and private citizens that has a greater supervisory element than that of a student and the teachers and the school administrators.

The ruling of the district court granting summary judgment in favor of the school defendants based on the immunity protections of I.C. § 6–904A(2) is affirmed.

## III.

## THE DISTRICT COURT DID NOT ERR IN HOLDING THAT I.C. § 6–904A(2) BARRED THE MICKELSENS' CLAIMS UNDER I.C. § 33–512(4)

■ The parties disagree on whether the district court had before it the question of whether I.C. § 33–512(4) imposed a duty upon the school defendants. The transcript of the oral argument on the summary judgment motion makes it clear that counsel for the Mickelsens referred to I.C. § 33–512(4) in her argument. By arguing to the district court that the legislative history of I.C. § 6–904A(2) showed that it was not intended to apply to negligent supervision cases under I.C. § 33–512(4), counsel for the Mickelsens invited the district court to conclude the opposite. The issue was properly before the district court for decision.

The Mickelsens' argument that I.C. § 33–512(4) provides some right of relief different from the breach of supervisory duty fails when one examines what they claim the school defendants failed to do in order to fulfill their obligations under that statute. The Mickelsens maintain that the school defendants failed to provide adequate hallway monitoring, an indisputably supervisory activity. The district court was correct in concluding that I.C. § 33–512(4) added nothing to the Mickelsens' claim and thus that part of the claim was also barred by I.C. § 6–904A(2).

## IV.

### THE QUESTION OF IMMUNITY PURSUANT TO I.C. § 6–904(3) IS MOOT

In view of the ruling as to immunity under I.C. § 6–904A(2) it is unnecessary to address the school defendants' claim of immunity under I.C. § 6–904(3).

## V.

### CONCLUSION

The ruling of the district court granting summary judgment in favor of the school defendants based on the immunity protections of I.C. § 6–904A(2), including claims premised on a breach of duties imposed by I.C. § 33–512(4), is affirmed. Costs are awarded to the respondents. Neither party is awarded attorney fees.

McDEVITT, C.J., JOHNSON, TROUT and SILAK, JJ., concur.