944 P.2d 709

James and Diane BROOKS, individually and as Guardians Ad Litem for their minor daughter, Amber Dianne Brooks Heirs at Law, and as the Personal Representatives for the Estate of their minor child, Jeffrey M. Brooks, Plaintiffs–Appellants,

v.

Laura LOGAN, individually, and as an Employee of Joint School District No. 2, and Joint School District NO. 2, an Independent Political Subdivision of the State of Idaho, Defendants–Respondents.

No. 23016.

Supreme Court of Idaho,
Boise, April 1997 Term.

Sept. 3, 1997.

Law Offices of Comstock & Bush, Boise, for Plaintiffs–Appellants.

Quane, Smith, Howard & Hull, Boise, for Defendants–Respondents.

SCHROEDER, Justice.

This is a wrongful death action and an action for negligent infliction of emotional distress arising from the suicide of fourteen-year-old Jeffrey Brooks. This appeal is a second appeal from a second grant of summary judgment by the district court.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

In the first appeal, *Brooks v. Logan,* 127 Idaho 484, 903 P.2d 73 (1995) (*Brooks I* ), this Court set forth the following facts of the case:

In this case, Jeffrey Brooks (Jeff), who was a student at Meridian High School,

* Justice McDevitt participated in this decision pri-    or to his resignation.

was asked by English teacher, respondent Laura Logan (Logan), to make entries into a daily journal as part of an English composition assignment. He did this beginning in September of 1990, and continued on to the end of December, 1990. The following January he committed suicide at his home.

After Jeff's suicide, Logan read through his entries in the journal and then turned it over to a counselor who subsequently delivered it to Jeff's parents, James and Diane Brooks (the Brooks). The Brooks then called Logan, and according to them she indicated that she had "re-read" the journal provisions and decided that the Brooks should have it. When the composition project began, Logan advised the students that she would be reading their journals; however, after a few months Jeff expressed concerns that he could not fully express himself knowing that Logan would read his entries. Thereafter Jeff's journal contains a passage written by Logan in which she indicated that she would not read the journal for content, but would instead check the entries for dates and length. In her affidavit, Logan claims she never read Jeff's journal after advising him that she would not. She, therefore, disputes the Brooks' assertion that she "re-read" Jeff's journal after his death. To the contrary, she maintains that she read the journal entries for the first time only after Jeff's death. Jeff's journal contains some passages in which he alludes to death or depression, but there is no definite statement that he was contemplating suicide.

The Brooks brought suit against Logan and the Meridian School District (the District) and have alleged that the District has a duty regarding the investigation and training of qualified teachers, and a duty to take affirmative action to detect and assist students who suffer from depression or suicidal ideation. In addition the Brooks allege that the District and Logan jointly have a duty to seek help for a student who displays suicidal tendencies at school.

Logan and the District filed a motion for summary judgment seeking to dismiss the Brooks' claims on the grounds that there are no facts in dispute; no duty was owed by Logan and the District to Jeff; Jeff's act of committing suicide was not foreseeable; and the District is immune from liability under I.C. § 6–904. The trial court granted Logan and the District's motion, finding that they did not owe a duty of care to Jeff, and that they were immune from liability for failing to implement a suicide prevention program. Because there was at least a factual question about whether Logan had indeed read the entire journal, the judge concluded that for the purposes of the summary judgment motion he would deem that she had read the journal. In spite of that, the court still concluded that Logan had no responsibility to take action.

*Id.* at 486–87, 903 P.2d at 75–76.

In *Brooks I*, this Court affirmed in part, reversed in part, and remanded the case to the district court, holding that: (1) the District was immune from liability under the Idaho Tort Claim Act (ITCA), I.C. § 6–904(1), for failure to institute a suicide prevention program or to train its staff in suicide prevention; (2) Logan was not immune from liability under the ITCA for failure to warn the Brooks or school authorities; (3) I.C. § 33–512(4) imposes upon the District and Logan a statutory duty; (4) the determination of whether the duty has been breached and whether the breach was the cause of the injuries should be made by the trier of fact; and (5) Jeff's intentional act of taking his own life was not an intervening, superseding cause which relieved the District and Logan from liability. 127 Idaho at 484, 903 P.2d at 73. This Court concluded that there was a factual dispute arising from the affidavits in the record concerning the potential breach of a legal duty owed to Jeff, and, accordingly, ruled that summary judgment was improperly granted. *Id.* at 492, 903 P.2d at 81.

Upon remand the district court entertained a renewed motion for summary judgment by the defendants and granted the motion. The district court concluded that an ordinary teacher is not under a duty to look for potential suicides and the "statutory duty

exemplified by I.C. § 33–512(4), must be premised upon possession of *actual knowledge of the suicidal intentions of the student.*" *The district court found that "there is no evidence in the case that the teacher had any actual knowledge of Jeffrey's disturbed emotional state, nor actual knowledge of his suicidal intentions.*" The district court extensively analyzed the factors this Court delineated in *Rife v. Long,* 127 Idaho 841, 908 P.2d 143 (1995), to determine whether a new duty will arise in a particular instance and concluded that I.C. § 33–512(4) should not be construed as creating any new duty. Furthermore, the district court ruled that a claim for failure to supervise was barred by I.C. § 6–904A(2).

The issue in this appeal is whether the district court properly granted the second motion for summary judgment in favor of the Respondents. Because it is dispositive, the Court will only address the immunity issue presented by I.C. § 6–904A(2).

## II.

### STANDARD OF REVIEW

■ This Court's review of a district court's ruling on a renewed motion for summary judgment is the same as that on a motion for summary judgment. When reviewing a motion for summary judgment, this Court's review is the same as that required of the district court when ruling on the motion. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 887 P.2d 29 (1994). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). As when the motion initially is considered by the district court, this Court, on review, liberally construes the record in a light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 869 P.2d 1365 (1994). If the Court determines that reasonable people could reach different con-

clusions or draw conflicting inferences from the evidence, the motion must be denied. *Id.* at 272, 869 P.2d at 1367. However, if the evidence reveals no disputed issues of material fact, only a question of law remains, and this Court may exercise free review. *Id.*

## III.

### IDAHO CODE SECTION 6–904A(2) ENTITLES RESPONDENTS TO IMMUNITY FROM LIABILITY.

■ This Court did not address immunity under I.C. § 6–904A(2) in *Brooks I,* since the parties did not argue the statute's applicability. The applicability of I.C. § 6–904A(2) is now presented by the district court's decision on the second motion for summary judgment.

Section 6–904A(2) provides:

**Exceptions to governmental liability.**—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:

. . . .

2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity or by or to a person who is on probation or parole or any work-release program, or by or to a person receiving services from a mental health center, hospital or similar facility.

I.C. § 6–904A(2).

In *Mickelsen v. School Dist. No. 25,* 127 Idaho 401, 901 P.2d 508 (1995), this Court addressed the applicability of I.C. § 6–904A(2) to supervisory acts of school districts and their agents. In *Mickelsen,* a student was injured in the halls of a school building when caught in the middle of a fight between others. The student claimed that the school district failed to properly supervise the hallways, which duty arose by virtue of I.C. § 33–512(4). *Id.* at 402, 901 P.2d at 509. The district court dismissed the claim, concluding that it was barred by I.C. § 6–904A(2). This Court affirmed, holding that the failure to provide adequate hallway moni-

toring was a supervisory activity, and, therefore, the school was immune from suit based on governmental immunity under I.C. § 6–904A(2). In *Mickelsen,* this Court found that if a claim is being brought for failure to supervise, a governmental actor is immune under I.C. § 6–904A(2), and I.C. § 33–512(4) does not provide an independent, separate claim which defeats the immunity protections of I.C. § 6–904A.

The district court in this case addressed immunity under I.C. § 6–904A(2) in light of *Mickelsen* and concluded that the statute precludes liability for the school district, noting the following:

> If, under *Mickelsen,* the school is immune from a claim for failure to supervise and prevent two students from injuring a third, then under the same rationale, the school in this case should be immune for its failure to supervise and prevent one student from harming himself.

The reasoning in *Mickelsen* and the language of I.C. § 6–904A(2) support the district court's determination that Logan and the District are entitled to the immunity protections of I.C. § 6–904A(2) in light of this Court's determination in *Brooks I* that the applicable duty was, "simply a duty to exercise reasonable care in supervising students while they are attending school." 127 Idaho at 490, 903 P.2d at 79.

Based on the finding of immunity, it is unnecessary to address the remaining issues raised by the parties.

### IV.

### CONCLUSION

The district court decision that the District and Logan are immune under I.C. § 6–904A(2) is affirmed.

Costs on appeal are awarded to the Respondents. No attorney fees on appeal are awarded.

TROUT, C.J., and JOHNSON, McDEVITT* and SILAK, JJ., concur.

* Justice McDevitt participated in this decision prior to his resignation.