979 P.2d 1161

**Emily COONSE, by and through her natural parents, Wade Coonse and Rhonda Coonse, Plaintiffs–Appellants,**

v.

**BOISE SCHOOL DISTRICT and School Board of Boise School District, Defendants–Respondents.**

No. 24637.

Supreme Court of Idaho, Boise, February 1999 Term.

May 26, 1999.

Anderson, Kane & Tobiason, Boise, for appellants. Michael J. Kane argued.

Anderson, Julian & Hull, LLP, Boise, for respondents. Brian K. Julian argued.

SILAK, Justice.

This appeal involves a tort action against the Boise School District for an alleged assault which occurred during recess on the playground of Garfield Elementary School.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In February of 1995, Emily Coonse, then in third grade at Garfield Elementary, walked behind an outbuilding while at recess on the playground. While there, she was allegedly assaulted by a group of older boys. She alleges that the failure of the Boise School District (the District) to properly supervise her was a proximate cause of the assault. As a result of the assault, she allegedly became severely emotionally traumatized and went through a period of depression. She also is alleged to have suffered painful illness and medical treatment as a result of the assault. Her complaint states that she withdrew from Garfield Elementary School upon the advice of her psychological caregivers.

In April of 1997, Emily's parents filed a complaint against the District and School Board alleging that Emily was assaulted due to the District's negligent supervision. The complaint also alleged that the District, in failing to properly supervise Emily and the other students involved, breached its statutory duty to protect the morals and health of its students in accordance with section 33-512(4) of the Idaho Code. The plaintiffs claim that, as a result of the incident, Emily experienced various physical injuries and emotional problems for which she is entitled to damages.

In January of 1998, the District filed a motion for judgment on the pleadings arguing that under section 6-904A of the Idaho Code and established case law, the District is immune from liability for ordinary negligence when someone is injured by a person under the supervision of the District. The plaintiffs responded by arguing that the established rule for immunity only applies when a negligently supervised person injures a third party not under supervision. On March 25, 1998, the district court granted summary judgment in favor of the District. The plaintiffs appealed.

## II.

### ISSUES ON APPEAL

The appellants present the following issues on appeal:

1. Whether a school district is immune from suit under I.C. § 6-904A when the complaint alleges negligent supervision of a student who was consequently harmed as opposed to negligent supervision of third parties who harmed the student.

2. Whether I.C. § 6-904A defeats the duty of a school district to protect the morals and health of its students in accordance with I.C. § 33-512(4).

## III.

### STANDARD OF REVIEW

██ In an appeal from an order granting summary judgment, this Court applies the same standard as that used by the district court when originally ruling on the motion. *See Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled

to judgment as a matter of law. *See, e.g., Mitchell v. Siqueiros,* 99 Idaho 396, 398, 582 P.2d 1074, 1076 (1978). This determination is based on the "pleadings, depositions, and admissions on file, together with the affidavits, if any." *Id.* (quoting I.R.C.P. 56(c)). However, the Court should liberally construe the facts in favor of the party opposing the motion, together with all reasonable inferences from the evidence. *See id.*

■ In *Czaplicki v. Gooding Joint Sch. Dist. No. 231,* 116 Idaho 326, 775 P.2d 640 (1989), this Court stated that:

> In ruling on a motion for summary judgment based upon an immunity defense under the Idaho Tort Claims Act (ITCA), a trial judge should first determine whether the plaintiffs' allegations and supporting record generally state a cause of action for which "a private person or entity would be liable for money damages under the laws of the state of Idaho." *Walker v. Shoshone County,* 112 Idaho 991, 995, 739 P.2d 290, 294 (1987). The court must then determine whether an exception to liability under the ITCA shields the alleged misconduct from liability.

116 Idaho at 330, 775 P.2d at 644; *see also Brooks v. Logan,* 127 Idaho 484, 487, 903 P.2d 73, 76 (1995) (*Brooks I*). If no exception to liability applies, we must determine whether the merits of the claim as presented for consideration on the motion for summary judgment entitle the moving party to dismissal. *See Harris v. State Dep't of Health & Welfare,* 123 Idaho 295, 298 n. 1, 847 P.2d 1156, 1158 (1992).

### IV.

### ANALYSIS

**A. The District Court Did Not Err In Holding That I.C. § 6–904A Bars Appellants' Claim In This Case.**

■ Idaho Code section 33–512(4) states that "[t]he board of trustees of each school district shall have the following powers and duties: ... To protect the morals and health of the pupils." Appellant correctly points out that the District in this case has a statutory duty to act reasonably in supervising students pursuant to I.C. § 33–512(4). *See, e.g.,*

*Bauer v. Minidoka School Dist. No. 331,* 116 Idaho 586, 590, 778 P.2d 336, 340 (1989). In *Brooks I,* this Court pointed out that a school district has "simply a duty to exercise reasonable care in supervising students while they are attending school." *Brooks,* 127 Idaho at 490, 903 P.2d at 79.

Because appellants' allegations generally state a cause of action (negligence) which is recognized under the laws of Idaho, we must determine whether an exception to liability under the ITCA shields the alleged negligence of the District from liability. The exception to liability upon which the District relies is I.C. § 6–904A. The relevant portion of section 6–904A provides:

> **Exceptions to governmental liability.**—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:
>
> . . . .
>
> 2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity or by or to a person who is on probation or parole or any work-release program, or by or to a person receiving services from a mental health center, hospital or similar facility.

I.C. § 6–904A (1998). Whether appellants are permitted to pursue their negligence claim against the District turns on the applicability of I.C. § 6–904A to this case.

In *Mickelsen v. School Dist. No. 25,* 127 Idaho 401, 901 P.2d 508 (1995), the Court applied I.C. § 6–904A to a case where a student was injured at school when caught in the middle of a fight between two other students. The student claimed that I.C. § 33–512(4) created a duty which the school district breached when it failed to properly supervise the hallways of the school where the fight took place. We affirmed the dismissal of the claim, holding that because providing adequate hallway monitoring was a supervisory activity, the school was therefore immune from suit pursuant to I.C. 6–904A(2).

*See id.* at 403, 901 P.2d at 510; *see also Harris*, 123 Idaho at 300, 847 P.2d at 1161 (holding department immune from liability pursuant to I.C. § 6–904A(2) for injuries caused by a juvenile who committed a burglary and sexual assault while under department supervision).

In *Brooks v. Logan*, 130 Idaho 574, 944 P.2d 709 (1997) (*Brooks II*), parents of a high school student who committed suicide sued the school district for failing to use reasonable care in supervising the student. The Court held that the school district was immune from liability, and quoted with approval the district court's statement:

> If, under *Mickelsen*, the school is immune from a claim for failure to supervise and prevent two students from injuring a third, then under the same rationale, the school in this case should be immune for its failure to supervise and prevent one student from harming himself.

*Id.* at 577, 944 P.2d at 712 (quoting a portion of the district court's memorandum opinion).

Appellants argue that the instant case is not controlled by the rule established in *Brooks II*. Specifically, appellants contend that the District is not immune under I.C. § 6–904A(2) when the complaint is grounded on an allegation of negligent supervision of the injured student as opposed to a claim alleging an injury caused by the negligent supervision of the third parties who harmed the injured student. Appellants argue that the exception to school district liability contained in I.C. § 6–904A(2) is limited to claims which allege negligent supervision of those persons who inflict the injury.

While recognizing that the injury to appellants' daughter was inflicted by persons under supervision of the District, appellants argue that I.C. § 6–904A(2) does not apply to their claim which does not allege negligent supervision of those who inflicted the injury on their daughter. Appellants contend that interpreting I.C. § 6–904A otherwise produces an anomalous result which occurs by permitting a negligently supervised student who is injured by an non-student third-party to avoid I.C. § 6–904A immunity, while applying § 6–904A immunity to a situation where that same negligently supervised student happens to be injured by other students (as in this case). The appellant's argument, however, fails to take into account the purpose of I.C. § 6–904A, which is to limit the liability of governmental entities for injuries caused by those under their supervision, custody, or care.

Although the complaint in this case alleges negligence against the District for failing to properly supervise the person injured rather than the persons causing the injury, this distinction does not remove this case from the coverage of I.C. § 6–904A. Section 6–904A clearly states that a governmental entity, absent "malice or criminal intent and without reckless, willful and wanton conduct ... shall not be liable for any claim which ... [a]rises out of injury to a person or property by a person under supervision, custody or care of a governmental entity." It is clear that the immunity arises from the status of the person(s) causing the injury, not the status of the person injured. It is undisputed that the persons who injured the appellants' daughter in this case were other students under the supervision of the District. Applying the exception to governmental liability contained in I.C. § 6–904A(2) to this case is consistent with this Court's previous holding in *Mickelsen*. In that case, the claim arose out of an injury to a student who was caught in the middle of a fight between two other students in the hallway of the school. *See Mickelsen*, 127 Idaho at 402, 901 P.2d at 509. Like *Mickelsen*, the injury in this case was inflicted by other students while at school. Under appellants' interpretation of I.C. § 6–904A and I.C. § 33–512(4), a plaintiff could, in many cases, avoid the effect of I.C. § 6–904A by simply drafting the complaint to allege negligent supervision of the claimant rather than of the students who allegedly caused the injury. Allowing such a result would be contrary to the intent of I.C. § 6–904A, which is to limit the liability of governmental entities for injuries caused by those under their supervision, custody, or care.

Appellants also argue that applying I.C. § 6–904A immunity in this case would likewise prevent a claim by a student who injures herself as a result of a teacher's negli-

gence. In *Brooks II*, the claim involved a student who committed suicide while at home. The Court in that case cited to *Mickelsen* in support of applying I.C. § 6–904A immunity. The opinion in *Brooks II* reasoned that "[i]f, under *Mickelsen*, the school is immune from a claim for failure to supervise and prevent two students from injuring a third, then ... the school ... should be immune for its failure to supervise and prevent one student from harming himself." *Brooks II*, 130 Idaho at 577, 944 P.2d at 712. The present case does not require us to revisit the application of I.C. § 6–904A to circumstances such as those in *Brooks II* because the present appeal does not involve a situation where a student injured herself. Because the claim in the present case arises out of an injury to a person (Emily Coonse) by a person under the supervision of the school district (other students at Garfield Elementary), we hold that this case is controlled by *Mickelsen v. School District No. 25*, and thus is barred by I.C. § 6–904A(2).

**B. I.C. § 33–512(4) Does Not Establish A New Duty So As To Defeat The Immunity Provided To The District Under I.C. § 6–904A.**

■ Appellants argue that I.C. § 33–512(4) creates an independent duty of care which is not affected by I.C. § 6–904A(2) where the complaint does not allege negligent supervision of persons who inflict the injury. A review of this Court's prior cases demonstrates that I.C. § 33–512(4) does not create a separate tort or a new cause of action beyond the duty of care school districts owe to pupils. *See Doe v. Durtschi*, 110 Idaho 466, 471–73, 716 P.2d 1238, 1243–45 (1986); *Czaplicki*, 116 Idaho at 331, 775 P.2d at 645; *Bauer*, 116 Idaho at 588, 778 P.2d at 338. In *Durtschi*, *Czaplicki*, and *Bauer*, the Court, incorporating I.C. § 33–512(4) into its analysis, did not interpret the provision to create a separate cause of action not affected by the immunity provisions of the ITCA. In *Brooks II*, this Court stated: "In *Mickelsen*, this Court found that if a claim is being brought for failure to supervise, a governmental actor is immune under I.C. § 6–904A(2), and I.C. § 33–512(4) does not provide an independent, separate claim

which defeats the immunity protections of I.C. § 6–904A." 130 Idaho at 577, 944 P.2d at 712; *see also Mickelsen*, 127 Idaho at 403, 901 P.2d at 510. Thus, it is clear that I.C. § 33–512(4) does not create any new tort or new cause of action. Rather, the application of I.C. § 33–512(4) merely supports the existence of a common law cause of action against a school district which might otherwise be limited by the application of statutes establishing exceptions to liability. We therefore hold that the district court did not err in holding that I.C. § 6–904A bars appellants' suit against the District in this case.

### V.

### CONCLUSION

For the foregoing reasons, the order of the district court granting respondents' motion for summary judgment is affirmed. No attorney fees are awarded on appeal. Costs are awarded to respondents on appeal pursuant to I.A.R. 40.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL, CONCUR.