148 P.3d 1232

**Alyssa SHERER, a minor, and Nicole Santillanes, guardian, Plaintiffs–Appellants,**

v.

**POCATELLO SCHOOL DISTRICT # 25, and Does I–V, Defendants–Respondents.**

No. 31681.

Supreme Court of Idaho, Eastern Idaho, October 2006 Term.

Nov. 17, 2006.

David E. Gabert, Pocatello, for appellants. Curtis N. Holmes argued.

Anderson, Julian & Hull, LLP, Boise, for respondents. Brian K. Julian argued.

SCHROEDER, Chief Justice.

Alyssa Sherer and Nicole Santillanes ("Alyssa" or "Appellants") appeal from the district court's order granting summary dismissal of their claims against Pocatello School District No. 25 based on the Idaho Tort Claims Act, Idaho Code §§ 6–901 *et seq.*

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Alameda Junior High School sponsored a carnival to celebrate the last day of the school year and hired Cliffhanger Recreation, a local business, to provide activities for the students. One of the activities was a "bungee run," in which participants donned a harness tethered to a fixed object by a bungee cord. Participants ran on an inflated rubberized surface to see who could reach the farthest point before being snapped back by the bungee cord. Alyssa Sherer, a student at the school, was injured while participating in the bungee run.

Alyssa and her mother, Nicole Santillanes, filed suit on November 3, 2003 against Pocatello School District No. 25 alleging that the injury was proximately caused by the school's negligence. The verified complaint listed various acts and omissions of the school district which they allege breached the school district's duty to make reasonable efforts to avoid endangering students and to protect their health. The complaint alleged as a separate cause of action that the school district was per se negligent in failing to fulfill its statutory duty under I.C. § 33-512(4) to protect the health of its students. Shaylon and Roma Christiansen, who owned and operated Cliffhanger Recreation, were also named as defendants but are not part of this appeal. They have settled the claim against them and obtained a stipulated release agreement which may have an effect upon the claim against the school district.

The school district moved for summary judgment on the grounds that it was immune from tort liability under section 6–904A of the Idaho Tort Claims Act which provides limited immunity for injuries caused by persons "under supervision, custody or care of a governmental entity." The district court granted the motion, finding that the school's conduct did not rise to the level of recklessness and holding that the school district was therefore immune from liability under section 6–904A. The Appellants' motion for reconsideration was denied. They appeal to this Court, arguing that the district court erred in finding the school district was immune from liability for negligence, and that a material issue of fact exists as to whether the school's conduct was reckless.

## II.

## STANDARD OF REVIEW

In an appeal from a grant of summary judgment, this Court's standard of review is the same as the district court's standard in ruling upon the motion. *Hei v. Holzer*, 139 Idaho 81, 84–85, 73 P.3d 94, 97–98 (2003). Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court exercises free review in determining whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law. *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 745–46, 118 P.3d 75, 77–78 (2005). Interpretation of a statute is a question of law over which the Court exercises free review. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006).

For purposes of summary judgment, the evidence is construed liberally and all reasonable inferences are drawn in favor of the nonmoving party, and the moving party bears the burden of proving the absence of material fact issues. *Hei*, 139 Idaho at 84–85, 73 P.3d at 97–98. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party, who must then come forward with sufficient evidence to create a genuine issue of material fact. *Id.* A party opposing

a motion for summary judgment "may not rest upon the mere allegations or denials of that party's pleadings, but the party's response . . . must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). Such evidence may consist of affidavits or depositions, but "the Court will consider only that material . . . which is based upon personal knowledge and which would be admissible at trial." *Harris v. State, Dep't of Health & Welfare,* 123 Idaho 295, 297–98, 847 P.2d 1156, 1158–59 (1992). Even circumstantial evidence can create a genuine issue, but a mere scintilla of evidence is insufficient. *Id.*

## III.

### THE TORT CLAIMS ACT

Under the Idaho Tort Claims Act (ITCA), I.C. §§ 6–901 *et seq.,* state governmental entities that commit torts may generally be held liable for money damages to the same extent a private person would be liable under the circumstances:

> Except as otherwise provided in this act, every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions . . . where the governmental entity if a private person or entity would be liable for money damages under the laws of the state of Idaho . . . .

I.C. § 6–903.

 A plaintiff seeking to recover on a tort claim against a governmental entity must survive three stages of analysis. *Rees v. State, Dept. of Health & Welfare,* 143 Idaho 10, 14–15, 137 P.3d 397, 401–02 (2006); *Carrier,* 142 Idaho at 806–07, 134 P.3d at 657–58; *see also Czaplicki v. Gooding Joint Sch. Dist. No. 231,* 116 Idaho 326, 330, 775 P.2d 640, 644 (1989). First, the plaintiff must state a cause of action for which tort recovery would be allowed under the laws of Idaho, that is, "whether there is such a tort under Idaho law." *Carrier, supra.* Second, the plaintiff must show that "[no] exception to liability under the ITCA shields the alleged misconduct from liability." *Id.* (quoting *Coonse v. Boise Sch. Dist.,* 132 Idaho 803, 805, 979 P.2d 1161, 1163). Third, if no excep-

tion applies, the plaintiff still must meet its burden of showing that it is entitled to recovery based on the merits of its claim. On a motion for summary judgment, therefore, a court must first determine whether the plaintiff has stated a valid tort under Idaho law and whether the ITCA provides immunity, after which it proceeds to consider "whether the merits of the claim as presented for consideration on the motion for summary judgment entitle the moving party to [judgment]." *Id.* (quoting *Coonse, supra* ).

In this case there were apparently affidavits before the district court that are cited to this Court but not included in the record on appeal. However, there is a verified complaint which sets forth facts that would constitute negligence by the school district if established. These factual allegations are sufficient to analyze the applicability of the school district's claim of immunity for negligence.

## IV.

### IDAHO CODE SECTION 6–904A(2) DOES NOT PROVIDE IMMUNITY TO THE DISTRICT FOR THE CLAIM OF NEGLIGENCE

#### A. The Appellants Have Stated a Cause of Action.

 The school district bears "a common law duty to protect against the reasonably foreseeable risk of harm to a student while in the [d]istrict's custody." *Rife v. Long,* 127 Idaho 841, 846, 908 P.2d 143, 148 (1995) (emphasis omitted). This duty is not restricted to activities in the classroom: "Generally, schools owe a duty to supervise the activities of their students whether they be engaged in curricular activities or non-required but school sponsored extra-curricular activities." *Bauer v. Minidoka Sch. Dist. No. 331,* 116 Idaho 586, 590, 778 P.2d 336, 340 (1989) (quoting *Albers v. Independent Sch. Dist. No. 302,* 94 Idaho 342, 344, 487 P.2d 936, 938 (1971)).

 Pursuant to I.C. § 33–512(4), school districts are under a statutory duty to protect the morals and health of their students. *Rife,* 127 Idaho at 845, 908 P.2d at 147 (citing

*Czaplicki,* 116 Idaho at 331, 775 P.2d at 645; *Doe v. Durtschi,* 110 Idaho 466, 716 P.2d 1238 (1986)). This provision "does not create a separate tort or a new cause of action," but "merely supports the existence of a common law cause of action against a school district." *Coonse,* 132 Idaho at 807, 979 P.2d at 1165.

■ The duty is not an absolute mandate to prevent all harm; rather, schools are obligated to exercise due care and take reasonable precautions to protect their students. *See Doe v. Durtschi,* 110 Idaho at 472, 716 P.2d at 1244 ("[T]he school district had a statutory duty to make reasonable efforts to protect its students from ... danger. A breach of that duty constitutes negligence."). The school's duty includes "anticipat[ing] reasonably foreseeable dangers and [taking] precautions protecting the child in its custody from such dangers." *Bauer,* 116 Idaho at 590, 778 P.2d at 340 (quoting *Carabba v. Anacortes Sch. Dist. No. 103,* 72 Wash.2d 939, 435 P.2d 936 (1967)). For that reason, "the fact that [a plaintiff's] injuries were caused by a third party does not absolve [a] school district from liability for its negligence" if the third party's actions were the foreseeable result of the school's negligence. *Doe v. Durtschi,* 110 Idaho at 472-73, 716 P.2d at 1244-45.

■ The negligence claim relies upon a number of acts and omissions attributable to the school which, if proved, would constitute a breach of duty sufficient to allow a recovery for Alyssa's injuries. Alyssa was a student in the custody of the school and was injured while participating in a school-sponsored activity. The Appellants allege that the school was negligent in choosing to conduct an unreasonably hazardous activity, in failing to supervise Alyssa during her participation in that activity, and in failing to supervise Cliffhanger to ensure that they provided adequate instruction and supervision. These allegations are sufficient to state a claim under Idaho law and for which they would be entitled to money damages against a private individual if established.

## B. The District Court Erred in Holding that the School District was Immune.

■ The ITCA was amended in 1988 by the addition of section 6-904A to provide limited immunity for government entities against tort claims arising out of injuries caused by third persons under the state's supervision. The statute in relevant part reads as follows:

A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code, shall not be liable for any claim which:

. . .

2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity. . . .

I.C. § 6-904A; *see* 1988 Idaho Sess. Laws ch. 324, § 2, p. 983.[1] The effect of the statute is to require a heightened showing of recklessness, as opposed to mere negligence, for such claims. In this way, "[t]he statute protects against ordinary negligence claims which would significantly impair effective governmental process, yet allows fair compensation for egregious wrongs." *Harris v. State, Dep't of Health & Welfare,* 123 Idaho 295, 301, 847 P.2d 1156, 1162 (1992).

The school district's reading of section 6-904A would rewrite the language in subparagraph 2 to read, "Arises out of injury to a person or property *of* a person under supervision, custody or care of a governmental entity" rather than "Arises out of injury to a person or property *by* a person under supervision, custody or care of a governmental entity . . ." (emphasis added). However, the legislative history and the language of the statute make it clear that the intent of the statute was to prevent recovery for negligence based upon a particular theory of re-

---

1. Section 6-904C(2) states:
 "Reckless, willful and wanton conduct" is present only when a person intentionally and knowingly does or fails to do an act creating

unreasonable risk of harm to another, and which involves a high degree of probability that such harm will result.

covery, i.e., that the government negligently failed to prevent third persons under its care from causing injury to members of the public. *See Harris,* 123 Idaho at 301, 847 P.2d at 1162 (noting that the statute reflects a "deliberate policy choice" to overrule *Sterling v. Bloom,* 111 Idaho 211, 723 P.2d 755 (1986),[2] and was based on a legislative finding that the courts had extended liability too far in the other direction); *cf. Doe v. Durtschi, supra,* at 480–81, 716 P.2d at 1252–53 (Bakes, J., dissenting) (arguing that the Court should have adopted a broad reading of "arises out of" to include any claim "based upon" or "having its roots in" excepted conduct, regardless of the particular theory upon which a plaintiff sues for recovery). Section 6–904A(2) limits from negligence liability one particular causal pathway upon which a valid claim for relief might otherwise proceed, i.e., that the school failed to exercise reasonable care in preventing a person under its supervision from causing injury. The limitation upon that theory of liability does not limit other negligence claims.

■■■ The district court held that because Alyssa was under the school's supervision the school was immune from liability unless the Appellants could show that the school was guilty of reckless, willful or wanton conduct. Finding no evidence of reckless conduct, the court granted the school's motion for summary judgment. The district court's ruling is correct to the extent the Appellants' claims might rely upon the school district's failure to prevent Alyssa from harming herself. A school district is immune "to the extent [a plaintiff] premises the negligent supervision claim on the School District's alleged failure to use reasonable care in supervising *her,* as a student, for any alleged harm she inflicted on herself...." *Hei,* 139 Idaho at 87–88, 73 P.3d at 100–01; *see also Brooks v. Logan,* 130 Idaho 574, 944 P.2d 709 (1997) (school district immune from liability for negligent failure to supervise student so as to prevent him from committing suicide). However, "the immunity arises from the sta-

tus of the person(s) causing the injury, not the status of the person injured." *Coonse,* 132 Idaho at 806, 979 P.2d at 1164. The fact that Alyssa was a student under the school's supervision would be relevant as to claims that the school failed to prevent her from harming herself. However, section 6–904A(2) does not limit her claims that she was injured as a consequence of the school's negligence in conducting a dangerous activity and failing to provide or ensure adequate supervision. Similarly, the allegation that the school planned and sponsored an unreasonably dangerous activity is premised on a theory of direct liability and does not rely on any claim that the injury was caused by a person under the school's supervision. Appellants should have been allowed to proceed on a theory of ordinary negligence with respect to this claim.

The application of section 6–904A to the claim that the school district failed to properly supervise Cliffhanger depends on whether Cliffhanger was "under supervision, custody or care" of the school district within the meaning of the statute. Broadly interpreted, this phrase could be construed to include all employees or other persons acting on behalf of the government. However, if liability is to be the rule and immunity the exception, this language should be given a construction that avoids undoing section 6–903's creation of a right to recover against the state for its negligence. *See Hei,* 139 Idaho at 87, 73 P.3d at 100.

■■■ The purpose of section 6–904A was to "render the state immune from the unpredictable acts of *third persons* ...." *Harris,* 123 Idaho at 299, 847 P.2d at 1160 (emphasis omitted, added). In *Hei,* the Court declared that a school employee was not under the "supervision, custody or care" of the school district within the meaning of section 6–904A. *Hei,* 139 Idaho at 87, 73 P.3d at 100. Thus, the school district is not immune from negligence liability for the acts of its employees under section 6–904A, even

---

2. *Sterling* arose out of injuries caused by a probationer who was in violation of the terms of his probation. The Court allowed the possibility of recovery against the probation officer, noting the broad purpose of the ITCA of "attaining substan-

tial justice." The legislature in response adopted Section 6–904A to limit the state's liability in such situations. *See Harris,* 123 Idaho at 301, 847 P.2d at 1162; *see also Rees,* 143 Idaho at 19 n. 9, 137 P.3d at 406 n. 9.

though it might be said to have negligently failed to supervise the employees under its supervision.

The party responsible for administering the bungee run, Cliffhanger Recreation, was an independent contractor, not an employee of the school district. The question of whether an independent contractor qualifies as a person "under supervision" of the school district for purposes of section 6–904A is one of first impression. However, the language and history of the statute and the holding in *Hei* provide guidance. The cases that have applied the statute make it clear that the supervisory relationship must go beyond a mere contractual arrangement.

In addition to "supervision, custody or care," section 6–904A(2) lists other categories including probation, parole, drug court programs, work-release programs, mental health centers, and hospitals. Each of these categories is a nonconsensual, custodial relationship under which it is primarily the government, rather than the individual, that bears a duty. The legislature was concerned with the unpredictable acts of third parties, *Harris,* 123 Idaho at 299, 847 P.2d at 1160, not with the government's ability to control its own agents and contractors. Thus, although an independent contractor may be a third person whose performance is monitored by the government entity that hired it, the existence of a consensual, contractual relationship does not place that person under "supervision, custody or care" within the meaning of the statute.

To the extent the Appellants' claims are premised upon the school's negligent supervision of Cliffhanger, section 6–904A does not limit the school district's liability. The claim that the school negligently failed to supervise Cliffhanger should not have been dismissed on summary judgment.

## V.

### SECTION 6–904B IMMUNITY FOR NEGLIGENT INSPECTION OF PROPERTY

The school district relies on I.C. § 6–904B(4) as an alternative grounds for uphold-

ing the district court's ruling. That section provides limited immunity from any claim which

> [a]rises out of the failure to make an inspection, or the making of an inadequate inspection of any property, real or personal, other than the property of the governmental entity performing the inspection.

I.C. § 6–904B(4). Such claims are barred unless it can be shown that the government's conduct was grossly negligent or "reckless, willful and wanton." I.C. § 6–904B.

This statute bars the Appellants' claims to the extent they rely on the school district's failure to examine the bungee run equipment. However, this immunity is not as broad as the school district argues. The school district maintains that several of the Appellants' other contentions are "part and parcel" of "failure to make an inspection," including failure to provide safe equipment, failure to provide adequate supervision, and failure to post warnings. Although these claims are factually related to the claim that the school failed to adequately inspect the bungee run, a grant of immunity from negligent inspection claims does not apply to a claim of negligent supervision.

## VI.

### CONCLUSION

The summary judgment entered in favor of the school district is reversed and the case is remanded for further proceedings consistent with this opinion. The Appellants are awarded costs. No attorney fees are allowed.

Justices TROUT, EISMANN, BURDICK and JONES concur.