## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39685

| | | |
|---|---|---|
| JOHN GUSTAV BLOCK, a single man, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LEWISTON, a municipal | ) | |
| corporation of the State of Idaho, and its | ) | |
| employee, LOWELL J. CUTSHAW, City of | ) | Coeur d'Alene, April 2014 Term |
| Lewiston Engineer, | ) | |
| | ) | 2014 Opinion No. 55 |
| Defendants-Respondents, | ) | |
| | ) | Filed: June 17, 2014 |
| and | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JACK JOSEPH STREIBICK, a single man | ) | |
| and Personal Representative of THE | ) | |
| ESTATE OF MAUREEN F. STREIBICK, | ) | |
| deceased, and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

District court order granting summary judgment, _affirmed._

Landeck & Forseth, Moscow, for appellant. Ronald J. Landeck and Danelle C. Forseth argued.

Anderson, Julian & Hull, LLP, Boise, for respondents. Brian K. Julian argued.

_____

BURDICK, Chief Justice

John Block appeals the district court's grant of summary judgment dismissing his negligence and gross negligence claims against the City of Lewiston. We affirm the district court.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Block purchased property in Lewiston, Idaho, from Jack Streibick for real estate development. Block then submitted an application to resubdivide the property into three residential lots, which Lewiston approved. The lots were designated as 153, 155, and 159 Marine View Drive. Prior to Block's purchase of the property, Lewiston issued two separate permits to Streibick allowing him to place and grade fill in the area of those lots. Placement of fill is subject to permitting and inspection by Lewiston for compliance with code requirements.

In 2006, Block received permits from Lewiston to construct homes on each of the three lots. During construction of the homes, Block hired engineering firms to test compaction of the finished grade for the footings on the lots. The compaction testing reports established that the foundation locations were compacted in accordance with applicable building standards and that fill had been placed in the area of testing. Following the construction of the homes, Lewiston issued Block certificates of occupancy for each of the homes after conducting inspections that found the homes to be constructed in accordance with applicable building codes and standards.

In April 2007, Block sold the home and property at 159 Marine View Drive. In November of that year, the owner reported a crack in the home's basement. Around that same time, settling was observed at the other two properties as well. Based on these reports, Block consulted with Keltic Engineering regarding possible solutions to the settlement occurring on the three properties.

In early December 2007, Block repurchased 159 from the owners. He also consulted with engineers regarding options for immediate repair to the homes. The engineers suggested installing a deep foundation system consisting of helical piers, but declined to provide an engineering opinion as to the causes of the settlement without having detailed subsurface knowledge and an engineering evaluation. Block ultimately decided to proceed with the installation of the helical pier systems. After no further settling occurred in the following year Block elected to repair all three residences.

However, as early as February 2009, further settling problems were reported at the properties. After Lewiston inspected the properties in May 2009 following a gas leak at 153, it posted notice that the residential structures on 153 and 159 were unsafe to occupy. Lewiston required Block to submit an abatement plan, which ultimately required the demolition to the structures on 153 and 158, and significant improvements to be made to 155.

In late May 2009, Sandra Lee, a reporter from the Lewiston Tribune, contacted Block and provided him with a May 20, 1999, article reporting slope movement in the form of a landslide that occurred in the vicinity of the three lots on Marine View Drive. Prompted by this information, Block proceeded to research Lewiston's records regarding the development history of the property. In these records, Block discovered that Lewiston knew in 1999 that substantial slope movement occurred within the area of Block's lots and that Lewiston filed information about the slope movements in records related to a different subdivision, known as Palisades #4.

Keltic's engineer, Eric Hasenoehrl, was not aware of the 1999 landslide until Block informed him of it following his contact with Lee. Upon receiving this information, Hasenoehrl surveyed the fault line of the 2009 movements, compared that line with the fault line in the 1999 photograph, and concluded that the lines are almost identical. Block then filed a Notice of Claim for Damages with Lewiston that also named City Engineer Lowell Cutshaw as a defendant on August 26, 2009. Block filed the Complaint against Lewiston, Cutshaw, and Streibick, initiating this lawsuit on October 22, 2009, but did not effectuate process on Lewiston and Cutshaw until ninety days had elapsed from the date he had filed the Notice of Claim.

Lewiston, Cutshaw, and Streibick filed a motion for summary judgment on March 24, 2010, arguing that Block's claims should be dismissed because he failed to timely file a Notice of Claim with Lewiston. This first motion for summary judgment was denied because a question of material fact existed concerning whether Block reasonably should have discovered his claim against Lewiston prior to 2009. On August 5, 2011, the parties entered into a stipulation to dismiss Streibick as a defendant.

Lewiston and Cutshaw filed a second motion for summary judgment seeking dismissal of all of Block's claims against them on June 28, 2011. Block had asserted both negligence and gross negligence claims against Lewiston and Cutshaw. The negligence claims allege that Lewiston and Cutshaw breached a duty of care owed to Block by:

(i) failing to notify and/or warn Block at the time he sought building permits for 153, 155, and 159 and Lots 1, 2, 3, 4, 5, 6, and 7 of Canyon Greens No. 2 of earth movement that the City of Lewiston, Cutshaw and others knew had occurred in 1999 within the area of 153, 155, and 159 and that such earth movement had neither been eliminated nor properly abated in any manner;

(ii) failing to take any action to prevent, restrict or regulate development within the area of 153, 155, and 159 until such earth movement had been eliminated or properly abated;

(iii) failing to require that such earth movement in the area of 153, 155, and 159 be eliminated or properly abated by Streibick and/or others prior to Block's purchase of the Property;

(iv) failing to prevent Streibick from developing and selling 153, 155, and 159 to Block without notice and/or warning to Block that such earth movement had occurred in 1999 or without having eliminated or properly abated such earth movement;

(v) failing to require Streibick to complete the required storm water improvements in 1994 for Palisades No. 4 subdivision and approving and allowing Streibick's construction of a storm water detention pond within the area of 153 where the City of Lewiston, Cutshaw and/or others knew earth movement had occurred in 1999, thereby contributing to the instability of soil in that area;

(vi) approving the plats of Canyon Greens and Canyon Greens No. 2 without notifying and/or warning Block that earth movement had occurred on 153, 155, and 159 in 1999 and had not been eliminated or properly abated;

(vii) failing to require an approved design or plan incorporating engineering standards applicable to the grading, filling compacting of soil, detaining of storm water and constructing of residences on the property and failing to approve such a design or plan prior to any such improvements being allowed by the City of Lewiston, Cutshaw and/or others and/or undertaken to eliminate or properly abate such earth movement within the area of 153, 155, and 159;

(viii) failing to act with ordinary care to protect against the likely risks, danger, and adverse consequences from such earth movement the City of Lewiston, Cutshaw, and/or others knew had occurred in the area of 153, 155, and 159 in 1999;

(ix) failing to require and/or compel Streibick to eliminate or properly abate the dangerous condition caused by and/or existing as a result of such earth movement in the area of 153, 155, and 159;

(x) failing to supervise Streibick's development activities within the area of 153, 155, and 159 between 1999 and 2006 thereby allowing concealment of such earth movement and the creation of a dangerous condition and risk of harm; and

(xi) failing to inspect and/or make an adequate inspection of Streibick's development activities within the area of 153, 155, and 159 between 1999 and 2006 thereby allowing concealment of such earth movement and the creation of a dangerous condition and risk of harm.

In addition, Block claims that Lewiston and Cutshaw acted with gross negligence with respect to the above claims.

The second summary judgment motion argued that Lewiston and Cutshaw were immune from liability for all of these claims under the Idaho Tort Claims Act (ITCA) and that Block could not establish that he was owed a duty. Lewiston and Cutshaw's memorandum in support of this motion asserted that Block's claims should also be dismissed under the economic loss rule

4

because Lewiston has no duty to prevent the purely economic losses Block was claiming as damages. The district court granted this second summary judgment motion dismissing Block's claims based on the application of the economic loss rule. The court also held that immunity under the ITCA and failure to establish a duty provided alternate grounds for dismissal of Block's claims. Block now appeals the dismissal of his negligence and gross negligence claims.

## II. STANDARD OF REVIEW

When reviewing a motion for summary judgment, this Court applies the same standard employed by the trial court when deciding such a motion. *Coonse ex rel. Coonse v. Boise Sch. Dist.*, 132 Idaho 803, 804, 979 P.2d 1161, 1162 (1999). "[I]f the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" summary judgment is proper. I.R.C.P. 56(c). The burden is on the moving party to prove an absence of genuine issues of material fact. *Hatheway v. Bd. of Regents of Univ. of Idaho*, 155 Idaho 255, 310 P.3d 315, 322 (2013). In addition, this Court views the facts and inferences in the record in favor of the non-moving party. *Id*.

## III. ANALYSIS

The district court granted summary judgment on all of Block's claims based on the economic loss rule or in the alternative Lewiston's immunity under the ITCA. The district court also held that Lewiston did not owe Block a duty of care with respect to actions which occurred on the property prior to Block's purchase and dismissed the claims designated in Block's complaint as (iii), (iv), (v), (ix), (x), and (xi) on this ground as well. Block does not appeal the dismissal of his claims alleging negligence before his purchase of the property.[1]

---

[1] While Block argues that the district court erred in finding that Lewiston owed him no duty at all, his arguments only address the negligence claims dealing with Lewiston's conduct after he purchased the property. Thus, he has waived the claims alleging negligence prior to his purchase of the property. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("[T]o the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived."). Moreover, Block essentially concedes that he is not appealing these claims in his Reply Brief:

> The City's public duty argument is premised on the assumption that Block's negligence claim is based on the City's "acts done prior to Block's purchase of the property." (Respondents' Brief at 9–10). However, this is not the thrust of Block's negligence claims. Block's negligence claims are primarily based on the City's actions in connection with the City's approval of the Canyon Greens subdivision in 2006, after Block had purchased the property. […] The City has attempted to confuse the Court by referring to claims related to Block's purchase of the property that are not being asserted by Block in this appeal.

When reviewing a motion for summary judgment against a governmental entity and its employees under the ITCA, this Court must engage in a three-step analysis. *Coonse*, 132 Idaho at 805, 979 P.2d at 1163. First, we must determine whether "tort recovery is allowed under the laws of Idaho." *Harris v. State Dept. of Health & Welfare*, 123 Idaho 295, 298 n.1, 847 P.2d 1156, 1159 n.1 (1992). Second, we determine if "an exception to liability under the ITCA shields the alleged misconduct from liability." *Coonse*, 132 Idaho at 805, 972 P.2d at 1163. Finally, "if no exception applies, [we examine] whether the merits of the claim as presented for consideration on the motion for summary judgment entitle the moving party to dismissal." *Id.*

Block's remaining claims assert that Lewiston was negligent in permitting and inspecting his property for subdivision and development and in failing to notify him of the 1999 landslide.[2] Lewiston has immunity from these claims under I.C. § 6-904B.

Idaho Code section 6-904B provides immunity for actions arising out of the issuance of permits, or the failure to make an inspection. Specifically, I.C. § 6-904B states:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code shall not be liable for any claim which:
> …
>
> 3. Arises out of the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend, or revoke a permit, license, certificate, approval, order or similar authorization.
>
> 4. Arises out of the failure to make an inspection, or the making of an inadequate inspection of any property, real or personal, other than the property of the governmental entity performing the inspection.

I.C. §§ 6-904B(3),(4). Block contends that this section does not afford Lewiston immunity because, at a minimum, there is a genuine issue of material fact as to whether Lewiston acted with gross negligence. The ITCA defines gross negligence as "the doing or failing to do an act which a reasonable person in a similar situation and of similar responsibility would, with a minimum of contemplation, be inescapably drawn to recognize his or her duty to do or not do

---

[2] A governmental entity is subject to liability for money damages arising out of its negligent conduct and those of its employees acting within the course and scope of their employment to the extent a private party would be liable, pursuant to I.C. § 6-903. Additionally, Chapter 32 of the Lewiston City Code governs the subdivision permitting process in Lewiston. We express no opinion on whether this ordinance coupled with I.C. § 6-903 provides a basis for Block's negligence claims under Idaho law. We assume only for the purpose of discussing immunity under I.C. § 6-904B that Lewiston could be liable for damages arising out of its failure to act with regard to any knowledge it had of the 1999 landslide.

such act and that failing that duty shows deliberate indifference to the harmful consequences to others." I.C. § 6-904C(1). Thus, to establish gross negligence under I.C. § 6-904B, "there must be evidence showing not only the breach of an obvious duty of care, but also showing deliberate indifference to the harmful consequences to others." *See S. Griffin Const., Inc. v. City of Lewiston*, 135 Idaho 181, 189, 16 P.3d 278, 286 (2000); *Cafferty v. State, Dep't of Transp., Div. of Motor Vehicle Servs.*, 144 Idaho 324, 332, 160 P.3d 763, 771 (2007) (finding that material issue of fact existed as to whether the DMV was grossly negligent in granting a license to a person with seven DUIs when the DMV has a mandatory duty not to issue licenses to habitual drunkards).

In finding that Block failed to establish a material issue of fact as to whether Lewiston acted with gross negligence, the district court stated:

> Nothing in the record before the Court establishes that the City acted with gross negligence. Block relies upon the affidavit of Bud Van Stone to support his argument that the City "acted unreasonably and failed to exercise reasonable care." Nothing within Mr. Van Stone's affidavit asserts the City acted in a manner that meets the definition of gross negligence set forth in the ITCA. There is no evidence a City employee acted, or failed to act, in a manner that shows deliberate indifference to the harmful consequences to others.

In his brief, Block points to a number of statements by city employees that he claims establish an issue of fact with regard to gross negligence. All of Block's allegations of gross negligence revolve around the fact that Lewiston failed to notify Block that slope movement had occurred. As Lewiston points out though, even if Lewiston had a duty to warn Block, there is no evidence that failing to notify Block shows deliberate indifference to the harmful consequences to others.

All of Block's remaining claims are based upon Lewiston's actions with respect to approving subdivision plats and issuing building permits for the homes that were damaged. These claims arise from a failure to inspect, a failure to provide information during the administrative process, or failure to require certain actions as a condition of issuing building permits. Accordingly, we affirm the district court's grant of summary judgment on the ground that Lewiston is entitled to immunity from Block's claims under I.C. § 6-904B. Because we affirm the district court's decision that the Lewiston has immunity under I.C. § 6-904B, we need not address the applicability of other immunity provisions, the economic loss rule, or the alternate grounds Lewiston proposes for affirming the district court.

7

Finally, Lewiston and Cutshaw contend that they are entitled to attorney fees on appeal under both I.C. §§ 12-117 and 6-918A. Block contends that I.C. § 6-918A is the exclusive means for awarding attorney fees under the ITCA and attorney fees are not warranted under this statute.

Idaho Code § 6-918A allows the court to award attorney fees in civil actions brought under the ITCA against a governmental entity:

> [U]pon petition therefor and a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action…The right to recover attorney fees in legal actions for money damages that come within the purview of this act shall be governed exclusively by the provisions of this act and not by any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho.

We have previously stated that the right to recover attorney fees in actions brought under the ITCA is governed exclusively by I.C. § 6-918A. *Athay v. Stacey*, 146 Idaho 407, 412, 196 P.3d 325, 330 (2008) ("[Idaho Code section 6-918A] requires a finding of bad faith to award attorney fees in actions brought under the [ITCA] and provides that the right to recover attorney fees in such actions is governed exclusively by the [ITCA]"). However, we have not addressed whether I.C. § 12-117 provides an exception to the exclusive scope of I.C. § 6-918A. *But see, Beehler v. Fremont Cnty.*, 145 Idaho 656, 660, 182 P.3d 713, 717 (Ct. App. 2008) (holding I.C. § 12-117 did not provide an exception after noting it has held that "I.C. § 6-918A governed to the exclusion of all other standards when the case was brought under the ITCA").

Because I.C. § 12-117 was enacted after I.C. § 6-918A, the question is whether its language provides sufficiently express and specific exception to the exclusive scope of I.C. § 6-918A. Idaho Code section 12-117 provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

We have held that the section 12-117's "[u]nless otherwise provided by statute" language allows that when "another statute expressly provides for the awarding of attorney fees against a state agency or a political subdivision, attorney fees can be awarded under that statute also." *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 155 Idaho 55, 305 P.3d 499, 511 (2013). While this language does not make I.C. § 12-117 the exclusive means of awarding attorney fees

against a state agency, it also does not indicate a specific and express intent to provide an exception to I.C. § 6-918A's exclusive scope. Rather, this language indicates that where another statute provides the exclusive means for awarding attorney fees, I.C. § 12-117 is not an exception to exclusivity. Therefore, I.C. § 6-918A is the exclusive means to award attorney fees to Lewiston in this case.

In order for Lewiston and Cutshaw to recover attorney fees under I.C. § 6-918A, they would have to show bad faith on Block's part by clear and convincing evidence. Bad faith means dishonesty in belief or purpose. *Cordova v. Bonneville County Joint Sch. Dist. No. 93,* 144 Idaho 637, 643, 167 P.3d 774, 780 (2007). Because Lewiston has not shown by clear and convincing evidence that Block has proceeded with bad faith in this appeal, no attorney fees are awarded.

## IV. CONCLUSION

We affirm the district court's grant of summary judgment on the ground that I.C. § 6-904B provides Lewiston immunity from Block's claims. Costs, but not attorney fees, to Lewiston.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**